2p 37
97 397

## LE CLERC vs. WOOD, and others.

1. ATTACHMENT. The affidavit which is set forth at length in the opinion of the court, *held*, sufficient.
2. ABATEMENT. A suit commenced by attachment, while another action between the same parties for the same cause of action is pending, will be abated upon these facts being pleaded and proved, although the former action was discontinued after the plea in abatement but before replication thereto. It is not necessary that both actions should have been pending at the time of pleading in abatement; it being sufficient to defeat the second, that the first one was pending when the second was commenced.
3. SAME — PRACTICE. If the defendant pleads in abatement and it be found against him, final or peremptory judgment shall be given against him, unless the issue was tried by certificate, by inspection or by the record, or in any other way than by jury. If not tried by a jury the proper judgment is, that the defendant answer over, and final or peremptory judgment on such trial would be erroneous.

ERROR to the District Court for *Crawford* County. The case is fully stated in the opinion of the court. *Learned & Barber*, for plaintiff in error. *O. C. Pratt*, for defendants in error.

IRVIN, J.  This case was commenced in the county of Crawford, by attachment returnable to the May term of the district court for 1844. The affidavit on which the writ of attachment was procured, was as follows, to wit : O. C. Pratt, being duly sworn, deposes and says, that *Leander LeClerc* is indebted to *James Wood, William T. Christy* and *James C. Christy*, in the sum of $976, or thereabouts, as appears by a certain promissory note now due, which said note is under the control of deponent, and was admitted to said deponent, by said *Le Clerc*, as a just demand against him ; and this deponent further says, that he verily believes that the said *Leander Le Clerc* is about fraudulently to convey away and dispose of his property with the intent to hinder and delay his creditors in the collection of their claims against him.  And this deponent further says, that the facts and circumstances inducing the belief of such fraudulent intent are as follows :  After coming in possession of the aforesaid note for collection, deponent was credibly informed that the said *Le Clerc* had made an assignment of certain goods, in a store in Prairie Du Chien, to one Donald A. McKenzie.  Deponent immediately visited that place to ascertain the fact, and found the said *Le Clerc* in possession and exercising control over the store of goods reported to have been assigned as aforesaid, and also found, on examination at the office of the proper officer for recording mortgages, assignments, etc., that no assignment was on record, or on file in said office at Prairie Du Chien, made by said *Le Clerc* to any person whomsoever ; and further says, that after said *Le Clerc* had been advised (as deponent had reason to believe) that steps were about to be taken against said goods to secure the debt herein described, he, the said *Le Clerc*, put on file, in the register's office aforesaid, an instrument purporting to be an assignment of his property to said McKenzie, made some twelve or more days before.  And he further says, that the property so pretended to have been assigned is large in amount and worth, as near as deponent can ascertain, several thousand dollars more

than the sum of debts professed therein to be secured, and that said assignment contains a provision for his own benefit, in fraud, as deponent is advised, of the other creditors of said *Le Clerc.* And deponent further says, that he is informed, and believes the same to be true, that the said *Le Clerc*, with the intention of converting his property into money, to hinder his creditors in the collection of their demand, has lately sent certain of his goods to different parts of the country, and disposed of the same at forced auction sales, and at a sacrifice; and he further says, that the said *Le Clerc*, in a conversation with deponent on the sixteenth instant, said that he had made the conveyance heretofore mentioned to D. H. McKenzie to prevent certain of his creditors from disturbing his business, as well as to secure the debts therein described; and further this deponent says not;" which was subscribed by said Pratt, and on which an allowance of a writ of attachment was made by the judge of the district. At the said May term the defendant made, by his counsel, a motion to quash the writ for various reasons, among which was one for want of a sufficient affidavit. In this court this is the only one insisted upon, and it upon examination, is not regarded by the court as sufficient to quash the writ. At the same term the defendant pleaded the pendency of a prior suit between the same parties, and for the same cause of action, in the same court, in abatement of this suit, to which the plaintiff replied *nul tiel record*, and upon which the parties went to trial; in relation to which the following statement of facts is presented to this court, by a bill of exceptions filed in and made a part of the record of this case, to wit: "Be it remembered that, at the present term of this court, came the parties aforesaid, by their attorneys, and upon the trial of the truth of the defendant's plea in abatement filed herein by the court, it was proven by the records of this court that the former action, referred to in the said plea was for the identical cause of action embraced in this suit, and between the same iden-

Le Clerc vs. Wood et al.

tical parties ; and also, that the said former suit mentioned in the said plea in abatement had been discontinued by the said plaintiffs after filing of the said plea in abatement, and before replication filed to the said plea ; and upon the trial of the truth of the said plea by said court, the court decided the said issue in favor of the said plaintiffs, to which decision of the court the said defendant excepted; and thereupon the said plaintiffs moved the court to render final judgment against the said defendant, which motion was opposed by said defendant, who moved the court for leave to plead to the action, but the court refused to allow the said defendant to plead to the said action, and rendered final judgment in favor of said plaintiffs, and directed the clerk to assess the damages of said plaintiffs, to which decision of the court the defendant also excepted," etc.

Inasmuch as the transcript of the record is thought to be deficient in some particulars, but the defect covering only so much as might affect the order of the court directing the clerk to assess the damages, we deem it inexpedient to give any opinion upon that part of the case, and pass on to the remaining points, to wit, the plea in abatement and the judgment of the court upon that plea. The fact conclusively appears, from the bill of exceptions, that the two suits were between the same parties and for the same cause of action. In relation to such a state of facts, the law, as advanced in 1 Bacon's Abr., letter M, page 22, is thus expressed : "The law abhors multiplicity of actions, and, therefore, whenever it appears on record that the plaintiff has sued out two writs against the same defendant, for the same thing, the second suit shall abate ; for if it were allowed that a man should be twice arrested or twice attached by his goods for the same thing, by the same reason he might suffer *in infinitum ;* and it is not necessary that both should be pending at the time of the defendant's pleading in abatement, for if there were a writ in being at the time of suing out the second, it is plain the second was vexatious

and ill *ab initio*." Again, it is said in Story's Pleading, 26, upon the authority of 3 Burr. 1434: "If two suits are pending for the same cause of action, and it does not appear which writ issued first, both must abate." Also, a person cannot, by discontinuing a suit after a plea in abatement of the pendency of another suit for the same cause, obviate the effect of such suit, because it is not necessary to the validity of the plea that such action should be pending at the time of the plea pleaded, but only at the time of the commencement of the second suit, and, therefore, a replication of a discontinuance or nonsuit in such prior action, whether commenced by the plaintiff himself or (as in case of *qui tam* actions) by a stranger, will be bad. Upon this branch of the case particular reference is made to the opinion of PARSONS, C. J., in *Commonwealth v. Churchill*, 5 Mass. 175, where the subject is treated with great ability, and the authorities are extensively referred to.

It appears from the investigation of the case at bar, that plaintiffs supposed that, although the plea of the defendant in abatement was true at the time when it was pleaded, yet they could, nevertheless, obviate its force and effect by discontinuing the former suit, before replication thus pleaded in abatement of the latter, and then try the truth of the plea by the facts, not as they stood when the plea was pleaded, but as they stood after the discontinuance; a state of facts brought about by themselves in order to defeat the effect of the plea. Upon this state of facts the truth of the plea was tried and found against the defendant and for the plaintiff. In this, we think, the court erred, and we think so upon the strength of the authorities hereinbefore referred to as well as a great many not directly noted in this opinion. The finding we think should have been for the defendant. It is true that there are some decisions adverse to those upon which we rely, but, upon examination we think the weight of authority is clearly with the view which we take of the case.

In this case the truth of the plea was tried by the

record, and the court finding, that after plea and before replication the former suit had been discontinued, gave final judgment for the plaintiffs and refused to allow the defendant to plead over, and ordered the clerk to assess the plaintiff's damages, which was accordingly done.

" If the defendant pleads in abatement and the plaintiff joins issue upon it, if the issue is found for defendant the suit abates. But if it be found against the defendant, final or peremptory judgment shall be given against him.' 2 Wils. 367 ; Ld. Raym, 338, 594 ; 1 Vent. 22 ; 2 Salk. 211, A., in notes. " But it seems if the issue is tried by certificate, or by inspection, or by- the record, or in any other way than by a jury, the judgment, if for the plaintiff, will be that the defendant answer over." 1 Lev. 163 ; id. 178 ; Ld. Raym. 550 ; Story's Plead. 31 ; 1 Chitty's Plead. (8th Am. ed.) 464, note 1; Com. Dig. "Abatement," 1, 14 ; Steph. Plead. 104, 105. Upon these authorities, had the finding of the court been correct upon the facts, the judgment was wrong, since it should have been that the defendant answer over.

We therefore reverse the judgment of the district court and direct that it be so certified to said court for further proceedings according to law.