## STATE *ex rel.* GUNDERSON v. KING *et al.*

1. An appeal to this court, duly perfected, transfers to this court the subject-matter of the appeal, as to the party appealing; and a subsequent appeal by the same party, while such former appeal is pending, is nugatory.

2. Where codefendants answer separately. basing their defense upon independant grounds, and judgment goes against all, an appeal by one defendant who answered, separately does not affect the right of other defendants to subsequently appeal from the judment as to them.

3. An answer properly denying the allegations of the complaint cannot be frivolous.

(Syllabus by the Court.    Opinion filed Sept. 1, 1894.)

Appeal from circuit court, Hughes county.    HON. H. G. FULLER, Judge.

Action by the state of South Dakota, on relation of May T. Gunderson, against Royal F. King and others, on the bond of defendant King, as assignee of the State Bindery Company, a corporation, in which defendants appealed from a judgment for plaintiff.    Plaintiff moves to dismiss the appeal.    Motion granted as to defendant King.    Judgment reversed as to other defendants.

The facts are stated in the opinion.

*Peacock & March*, for appellants.

A defect in the complaint may be considered upon demurrer or motion to strike out the answer.    Bliss Code Pl. 422; Van Alstyne v. Friday, 41 N. Y. 174.

A creditor cannot sue an assignee and his bondsmen until the amount due him from such assignee has been judicially determined and fixed by the court and ordered paid.    Boyd v. Com. 36 Pa. St. 355; Meyers v. Fritz, 4 Pa. St. 344; Territory v. Bramble, 2 Dak. 189; Smith v. Everett, 50 Miss. 575; Comm. v. Stubs, 11 Pa. St. 355; Id. v. Moody, 10 Pa. St. 527; Id. v. Roser, 62 Pa. St. 436; Godolph v. Walker, 16 O. St. 251; Wood v. Myrick, 16 Minn. 464.    The bonds of executors and trustees can be sued on only by leave of court upon good cause shown. Perry Trusts Sec. 262; Floyd v. Gilman, 6 Jones, Eq. 183.

In moving to strike out on the ground that the answer is sham the plaintiff must admit that it is good in form and show its falsity by affidavits or other evidence.    Bliss Code Pl. §422; Gastorfs v. Taaffe, 18 Cal. 385; Foren v. Dealey, 4 Ore 92.    A frivolous answer is one containing facts which if true present no defence to the action.    Clark v. Jeffersonville, 44 Ind. 248; Howell v. Ferguson, 89 N. C. 113; Keifer v. Thomas, 6 Abb. Pr. 42.    A motion affecting or attacking a pleading must spec-

ify the reasons upon which it is based. Bowman v. Sheldon, 5 Landf. 657; O'Connon v. Koch, 56 Mo. 553; Bliss Code Pl. Sec. 420. An answer denying each and every allegation in plaintiff's complaint contained not hereinafter admitted qualified or explained is a good denial. Kingsley v. Gilman, 12 Miss. 515; Becker v. Smutzer, 15 Miss. 424; Dyde v. Martin, 16 Miss. 38.

*Albert Gunderson,* for respondent.

When a judgment is irregularly entered good practice requires that it should be first assailed by motion in the district court. Geer, Scott & Co. v. Spaulding, 51 N. W. 867; Pierce v. Manning, 2 S. D. 517; 51 N. W. 332. An objection to a complaint cannot be urged in the appellate court without its having been raised in the court below. Johnson v. Burnside, 3 S. D. 230; 52 N. W. 1057; Jenkinson v. City, 3 S. D. 238; 52 N. W. 1066; Steellsman Co. v. Mansfield, 5 Dak. 87.

KELLAM, J. Without a word of explanation, the title to this case may be misleading. Appellant King was assignee of the State Bindery Company, a corporation. The other appellants were sureties on his bond. May T. Gunderson brought this suit on a claim against the assigning corporation, alleging the assignment, the giving of the bond (which under the statute, runs to the state) the collection of assets, and refusal to pay. The assignee and the sureties answered separately. The court sustained a motion to strike out so much of the answers as were relied upon as defensive, the motion as to the answer of the sureties being on the ground that it was frivolous, and not properly verified, and gave plaintiff judgment against said defendants. Respondent's additional abstract, which is undisputed, and must be taken as true, shows that defendant King appealed from the order striking out his answer. This appeal was dismissed by this court. Subsequently, and on the 18th day of April, defendant King took and perfected an appeal from the judgment rendered against defendants. Still later, and on the 16th day of May, all of said defendants took another

appeal from said judgment.   On the 31st day of May, King's
appeal of April 18th, was, by order of this court dismissed.

Upon this record, respondent moves to dismiss the present
appeal,—being that of May 16th, by all of said defendants,—
on the ground that when it was attempted to be taken, on said
16th day of May, there was no case in the circuit court to be
appealed, it having been transferred to this court by King's
appeal of April 18th.   So far as King's rights are concerned,
we do not see any escape from such result.   The record shows
that his April appeal was duly taken and perfected.   When
that was done the case, as to him, was in this court.   It was
still here in May, when he, in connection with the other de-
fendants, attempted to take another appeal from the same
judgment.   Under such conditions his second appeal was nu-
gatory.   There was nothing for it to act upon—nothing that he
could bring to this court by appeal.   Hill v. Finnigan, 54 Cal.
311.   We see no ground for holding that the dismissal of May
31st had a retroactive effect, or related back to the time of its
taking, so as to validate his second appeal.   There is nothing
to indicate that it was dismissed because defective in any re-
spect.   It was a good appeal, and maintained the case in this
court, so far as King was concerned, until it was dismissed.
His second attempted appeal being futile, and the first dis-
missed, he has no appeal here.   His separate appeal in April,
however, did not affect his codefendant's right to subsequently
appeal, as they did in May, and we can see no reason for dis-
missing this appeal as to them.

Appellants moved to strike out respondent's abstract, set-
ting up the foregoing matters on the ground that the same "is
in no respect a part of the case."   We incline to think other-
wise.   The matters set up went directly to the jurisdiction of
this court, and they were a part of the proceedings in this case,
but if the abstract were stricken out the motion to dismiss
would rest upon the same ground as now.

The answer of defendants Bennett, Steere, and Hyde, sure-
ties on King's bond, was a general denial of knowledge, or in-

formation sufficient to form a belief, as to the matters set out as the cause of action in the complaint. Such a denial is in general authorized by section 118, Code Civ. Proc. (section 4914 Comp laws.) Nothing appears in the record to suggest that they were not so entitled to so deny. An answer properly denying the allegations of the complaint cannot be frivolous. It is a definite negative of the facts upon which the plaintiff bases his claim. Maxw. Code Pl. 554. Without discussing the propriety of a motion, as a matter of practice, to strike out a pleading as frivolous, under section 5026, Comp. Laws, we think the answer was not frivolous, and should not have been stricken out for that reason. It is not suggested in what respect the verification of the answer was defective, and we do not observe any particular in which it is not sufficient. We are unable to see anything in the record presented to us which justified the trial court in striking out defendants' answer. Assuming without discussing or deciding, that the complaint sets out a cause of action, we think the court erred in giving judgment to the plaintiff against these appealing defendants; and upon their appeal the judgment, as to them, is reversed, and the cause remanded to the circuit court for further proceedings according to law.

FULLER, J., took no part in this decision.