JOHN GRANAT

*v.*

SIMON KRUSE *et al.*

*Opinion filed December 22, 1904.*

1. APPEALS AND ERRORS—*right to writ of error must appear from the record.* No person can sue out a writ of error who is not a party to the record or in privity with such party or who is not shown by the record to be prejudiced by the judgment.

2. SAME—*plaintiff in error may dismiss writ.* A plaintiff in error has the same right to dismiss a writ sued out in his name as he has to dismiss a suit begun by him in court of original jurisdiction.

3. SAME—*Supreme Court cannot hear extrinsic evidence to determine whether person is prejudiced by judgment.* Whether a person is so prejudiced by the judgment as to entitle him to resist the dismissal of the writ of error by the person in whose name it was sued out is a question which must be determined from the record, and not from affidavits or other extrinsic evidence.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

MUSGRAVE, VROMAN & LEE, for plaintiff in error.

EDMUND S. CUMMINGS, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Defendants in error, Simon Kruse and Thomas J. Peden, composing the firm of Kruse & Peden, brought suit in the circuit court of Cook county against plaintiff in error, John Granat, upon the following written contract:

"Articles of agreement between Kruse & Peden and John Granat, 131 Townsend street.

CHICAGO, ILL., *April 4, 1901.*

"Whereas, on the 10-14th day of July, 1899, I, John Granat, received a personal injury for which I hold a claim against Brand Brewing Company and M. L. Barrett & Co.; and whereas, I have this day employed Kruse & Peden as my attorneys and have authorized and directed them to prosecute said claim:

"Now, therefore, it is agreed between the parties hereto as follows:

"*First*—Kruse & Peden shall use their best skill and efforts to prosecute said claim to a successful issue, and shall receive for their services a sum equal to fifty per cent of the value of what may be recovered on said claim.

"*Second*—If nothing is recovered on said claim, then Kruse & Peden are to receive nothing.

"*Third*—I agree not to settle or compromise without the consent of Kruse & Peden, and to be guided by their judgment and advice, and Kruse & Peden are not to settle or compromise said claim without my approval and consent.

"In case judgment is obtained, it is further agreed that said judgment be assigned to Kruse & Peden, with the understanding that all expenses of the case are to be paid out of the fifty per cent agreed upon as being Kruse & Peden's share of the judgment, and the other fifty per cent to be paid Mr. Granat free of any expense.

JOHN GRANAT,

KRUSE & PEDEN,

Witness: Mrs. Gertrude B. Davies.  Per T. J. Peden."

This contract was set out in a special count of the declaration, and it was averred that under and by virtue of it the plaintiffs commenced suit against the Brand Brewing Company and M. L. Barrett & Co. in the circuit court of Cook county; that the defendant, Granat, who was plaintiff in that suit, settled his claim against the Brand Brewing Company and M. L. Barrett & Co. and received $3800 and executed a release of his cause of action, and that plaintiffs thereupon became entitled to $1900, one-half of said sum of $3800. The defendant demurred to the special count, and the demurrer being overruled, the common counts were withdrawn and he elected to stand by his demurrer. There was a judgment for $1900 against him, and he appealed to the Appellate Court for the First District, where the cause was assigned to the branch of that court and the judgment was affirmed. The writ of error in this case was sued out to review the judgment of the Appellate Court.

A stipulation of plaintiff in error and defendants in error that the writ of error may be dismissed has been filed, and defendants in error have moved the court to dismiss the writ in accordance with such stipulation. The motion is resisted by the attorneys appearing for plaintiff in error for reasons set forth in an affidavit of M. L. Barrett. It appears from that affidavit that upon a settlement of the original suit of Granat for personal injuries against the Brand Brewing Company and M. L. Barrett & Co., it was agreed by M. L. Barrett & Co., one of the defendants, that it would hold Granat free from all liability to Kruse & Peden for attorneys' fees; that by virtue of that agreement M. L. Barrett & Co. are bound to indemnify plaintiff in error against any claim of Kruse & Peden for such fees; that M. L. Barrett & Co. attempted to agree with Kruse & Peden upon a reasonable fee for their services rendered to Granat, but were unable to do so; that thereupon the suit of Kruse & Peden against Granat was brought upon the said written contract, which M. L. Barrett & Co. claimed to be champertous, illegal

and void; that Granat served notice upon M. L. Barrett & Co. requiring them to defend the suit against him because of said contract of indemnity; that M. L. Barrett & Co. assumed the defense of the suit and filed the demurrer and elected to stand by it and took the appeal to the Appellate Court; that the bond was signed by M. L. Barrett, and the company perfected the appeal; that said company incurred expenses for disbursements and attorneys' fees, and upon affirmance of the judgment by the Appellate Court prayed an appeal to this court; that Granat, acting under the advice of Kruse & Peden and Edmund S. Cummings, who was interested with them, refused to execute the appeal bond and perfect the appeal; that he notified the company that he did not wish any further proceedings taken in his behalf in the suit and his name must not be used for the purpose of suing out a writ of error or any other purpose; that the writ of error was then sued out in his name by the attorneys employed by M. L. Barrett & Co. who had defended the suit in the trial court and prosecuted the appeal to the Appellate Court. These facts are not denied by defendants in error, and it is insisted in opposition to the motion to dismiss, that on account of the relation of M. L. Barrett & Co. to the suit that corporation had a right to sue out the writ of error, and that it ought not to be dismissed on motion of plaintiff in error.

The suing out of a writ of error is the beginning of a new suit, and a plaintiff in error has the same right to dismiss a writ sued out in his name that he has to dismiss a suit begun by him in a court of original jurisdiction. A writ of error is a writ of right by the common law, but the right is limited to parties to the action or their legal representatives, or one whose privity of estate, title or interest appears from the record. No person can sue out a writ of error who is not a party or privy to the record or who is not shown by the record to be prejudiced by the judgment. (*In re Sturms,* 25 Ill. 338; *McIntyre* v. *Sholty,* 139 id. 171; 2 Cyc. 626.)

In this case the relation of M. L. Barrett & Co. to the suit does not appear from the record but only from the affidavit filed in the case. It appears from the affidavit that that corporation, being bound to indemnify Granat against the claim of Kruse & Peden, was notified to assume the defense of the action and did so, but that after the judgment of the Appellate Court Granat refused to permit them to prosecute an appeal or sue out a writ of error, or proceed further in the defense against the claim, or seek a reversal of the judgment. We have no jurisdiction to hear and determine such questions or to make them the basis of our action. The record certified to this court speaks for itself, and we cannot hear extrinsic evidence to determine whether a party seeking a reversal is aggrieved by the judgment. (*Hauger* v. *Gage,* 168 Ill. 365.) In the case of *Anderson* v. *Steger,* 173 Ill. 112, the circuit court ordered the defendant, Steger, to pay to the plaintiff in error, Anderson, $1073. Although Anderson was not a party to the suit, the record showed that he was injured by the judgment of the Appellate Court reversing that decree, and it was on that ground he was permitted to sue out the writ of error.

The writ of error is dismissed.       *Writ dismissed.*