MARSHALL FIELD

*v.*

CHRISTIAN F. KENNEWEG *et al.*

*Opinion filed December 20, 1905.*

APPEALS AND ERRORS—*parties may dismiss their writ of error as to themselves.* Where a writ of error is sued out by several, those plaintiffs in error who so desire may dismiss the writ as to themselves at their pleasure, and their motive in so doing cannot be questioned or reviewed by the courts.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

The appellant, on the third day of January, 1894, filed four bills in chancery in the circuit court of Cook county to foreclose four separate trust deeds, all executed by Howard Butcher on June 7, 1890, upon contiguous parcels of land located in the village of Western Springs, in said county. The cases were subsequently consolidated, and on July 13, 1900, a final decree of foreclosure and sale was entered in the consolidated case, under which a sale of the premises was made by the master, and his report of sale and distribution was confirmed on November 21, 1900. No appeal was taken from the decree of foreclosure and sale entered in the consolidated case, but on February 12, 1903, a writ of error was sued out from the Appellate Court to review said decree by eleven of the defendants. Subsequently seven other defend-

ants entered their appearance as plaintiffs in error and joined in the assignment of error of the eleven original plaintiffs in error and with them filed briefs. There were numerous defendants in the consolidated case, other than the eighteen who assigned error upon the record, who declined to join in the writ of error. A severance was ordered as to such defendants, two hundred and twenty-six in number, and they were brought in as plaintiffs in error by service of process, and on the 5th of March, 1905, an order was entered by the Appellate Court that for want of an assignment of error upon the record as to those plaintiffs in error who had not assigned error, they be forever barred from questioning or impeaching the decree of the circuit court sought to be reviewed in that court by the writ of error. Afterwards the case was taken under advisement by the Appellate Court, and on May 5, 1905, the eighteen plaintiffs in error who had filed briefs obtained an extension of time in which to file reply briefs, and on June 23, 1905, a motion was made in the Appellate Court on behalf of "certain plaintiffs in error" who were not specifically named, "that the writ be dismissed without prejudice to the starting of further suit." That motion was denied, and on July 13 following, which was within one day of five years from the date upon which the decree of foreclosure and sale was entered in the circuit court in the consolidated case, the eighteen plaintiffs in error who were actively prosecuting said writ moved the Appellate Court "that the said writ be dismissed as to them," and over the objection of the defendant in error in the Appellate Court (the appellant in this court) the motion was allowed and the writ of error dismissed as to said eighteen plaintiffs in error, and the defendant in error prosecuted an appeal to this court, and by his assignment of errors seeks to have the order of the Appellate Court dismissing said writ of error as to said eighteen plaintiffs in error reversed and the cause remanded to the Appellate Court, with directions to dispose of said writ of error upon its merits.

HOLT, WHEELER & SIDLEY, for appellant.

FRANKLIN L. CHASE, (COLIN C. H. FYFFE, and ED-
MUND D. ADCOCK, of counsel,) for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

The suing out of a writ of error is deemed the beginning
of a new suit, and in *Granat* v. *Kruse,* 213 Ill. 328, it was
said (p. 331) : "A plaintiff in error has the same right to
dismiss a writ sued out in his name that he has to dismiss a
suit begun by him in a court of original jurisdiction."

It is urged, however, by the appellant that two hundred
and twenty-six of the plaintiffs in error did not join in the
motion to dismiss the writ of error, and it is said the ap-
parent object of the eighteen plaintiffs in error in dismissing
the writ was for the purpose of suing out a new writ with a
view to cloud appellant's title, and that a second writ of er-
ror from the Appellate to the circuit court to review the final
decree entered in said consolidated case will not lie. In
*Thorp* v. *Thorp,* 40 Ill. 113, it was held that where a writ of
error is sued out by several, a part may dismiss the writ as
to themselves and leave the remaining plaintiffs in error to
prosecute their suit if they desire. The eighteen plaintiffs
in error were the only persons who were prosecuting the writ
of error, and they clearly had the right to dismiss the writ
as to themselves. What effect the dismissal as to them had
upon the order entered by the Appellate Court against the
two hundred and twenty-six defendants who refused to join
in the writ of error and against whom a severance was had
and who were brought in as plaintiffs in error by the service
of process, and whether the plaintiffs in error have the right
to sue out another writ of error from the Appellate Court to
review the final decree entered in the consolidated case, are
questions not presented upon this record for decision, and we
at this time express no opinion upon those questions. If the
eighteen plaintiffs in error had the right, as they clearly did,

to dismiss the writ as to themselves, their purpose in exercising that right is a matter which cannot be reviewed or controlled by the courts.

The judgment of the Appellate Court allowing the eighteen plaintiffs in error who were actively prosecuting the writ of error to dismiss the writ as to themselves is affirmed.

*Judgment affirmed.*