The White Brass Castings Company *et al.* Plaintiffs in Error, *vs.* The Union Metal Manufacturing Company *et al.* Defendants in Error.

*Opinion filed December 17, 1907—Rehearing denied Feb. 11, 1908.*

1. Appeals and Errors—*who are entitled to sue out a writ of error.* No person is entitled to sue out a writ of error who is not a party or privy to the record or who is not shown by the record to be prejudiced by the judgment.

2. Same—*what is meant by the term "privies to the record."* Privies to the record, within the meaning of the rule permitting them to sue out a writ of error, are heirs, executors, administrators, terre-tenants or persons having an interest in remainder or reversion or who are made parties by the law.

3. Same—*to be prejudiced by judgment a party must directly lose something thereby.* To entitle a person to sue out a writ of error upon the ground that he is shown by the record to be prejudiced by the judgment such person must lose something, directly, by the judgment; and it is not sufficient that he has an indirect interest, as a creditor or as a stockholder, in case of a judgment against a corporation, in the result of the suit.

4. Same—*stockholders not entitled to sue out a writ of error to reverse judgment against corporation.* Stockholders in a corpora-

tion who are not parties to a suit resulting in a judgment against the corporation are not entitled to sue out a writ of error in their own names to reverse the judgment, nor have they the right to use the name of the corporation for that purpose without its consent, and if they use the name of the corporation without authority the writ will be dismissed upon motion by the corporation.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. W. M. McEWEN, Judge, presiding.

BLUM & BLUM, for plaintiffs in error.

SIMON LAGROU, and JOHN C. FARWELL, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The White Brass Castings Company filed its bill in the superior court of Cook county against the Union Metal Manufacturing Company and others, by which it sought to have canceled a certain agreement between the two corporations so far as it related to the issue of six hundred shares of the capital stock of the complainant, and also sought to have said six hundred shares canceled unless the holders of the certificates therefor would pay for them. Answers were filed, and after a reference to the master a hearing was had upon his report and a decree was entered dismissing the bill. The complainant appealed, and the Appellate Court for the First District affirmed the decree. The appellant in that court, complainant below, prayed a further appeal to this court but did not file any bond. Subsequently a writ of error was issued out of this court to the Appellate Court for the First District at the suit of the White Brass Castings Company, John H. Winterburn and Nicholas E. Murray, against the Union Metal Manufacturing Company and others. As a return to that writ there has

been filed the record in the case of the White Brass Castings Company against the Union Metal Manufacturing Company and others.

Neither John H. Winterburn nor Nicholas E. Murray was a party to the bill of the White Brass Castings Company against the Union Metal Manufacturing Company and others. They were the owners of two hundred and ten of the one thousand shares of the stock of the complainant, six hundred shares of which stock, being the shares in controversy herein, were held by the defendants, the remaining one hundred and ninety shares never having been issued. On the first day of the last term a motion was made on behalf of the White Brass Castings Company to dismiss the writ of error as to it, and it was made to appear that neither Winterburn and Murray nor their attorneys were authorized by that company to sue out the writ of error. It was inadvertently overlooked that Winterburn and Murray were not parties to the proceedings in the superior court or the Appellate Court, and the motion was overruled on the ground that, having a right to sue out the writ of error themselves, they might join the White Brass Castings Company as plaintiff in error. But the White Brass Castings Company alone had the right to sue out a writ of error. It was the only complainant,—the only party against whom the decree and the judgment of affirmance were rendered. Winterburn and Murray could not sue out a writ of error in their own names, and they could not, without the authority of the White Brass Castings Company, use its name for that purpose. Their only interest in the decree was as stockholders. Stockholders cannot in their own names prosecute a writ of error to reverse a judgment against the corporation. They do not represent the corporation though to a certain extent the corporation represents them. No person is entitled to sue out a writ of error who is not a party or privy to the record or who is not shown by the record to be prejudiced by the judgment. (*Granat* v. *Kruse,* 213 Ill.

328; *Hauger* v. *Gage*, 168 id. 365; *Anderson* v. *Steger*, 173 id. 112; *McIntyre* v. *Sholty*, 139 id. 171.) Winterburn and Murray were not parties to the record. Nor can they be said to be privies to the record. "By privies, within the meaning of the rule, are meant heirs, executors, administrators, terre-tenants, or those having an interest in remainder or reversion, or one who is made a party by the law." 7 Ency. of Pl. & Pr. 857; *Anderson* v. *Steger, supra.*

Nor can it be said that Winterburn and Murray are shown by the record to be prejudiced by the decree. The prejudice which will authorize the suing out of a writ of error must be such that the person suing out the writ takes or loses something directly by the judgment or decree. Bail cannot have a writ of error to reverse a judgment against his principal nor the principal to reverse a judgment against his bail, nor can they join in the writ; nor has a creditor of any one, whether a corporation or an individual, against whom a judgment has been pronounced, a right to prosecute a writ of error in the name of such corporation or individual. (*McIntyre* v. *Sholty, supra.*) The indirect interest arising from the fact that the value of their stock may be increased or diminished by a judgment or decree against the corporation does not authorize each one, or a majority or all of the stockholders, in their own names, to prosecute a writ of error to reverse such judgment or decree.

The plaintiffs in error Winterburn and Murray had no right to sue out the writ of error, and the White Brass Castings Company, the only proper plaintiff in error, should have been permitted to dismiss the writ as to it. It will therefore be ordered that the order made at the October term denying the motion of the White Brass Castings Company to dismiss the writ as to it be set aside and that the writ of error be dismissed as to all the plaintiffs in error.

*Writ dismissed.*