### BARRETT v. WHITMORE, Admr.
(No. 1053; Decided May 23, 1922; 207 Pac. 71)

Appeal and Error—Second Proceeding in Error—Plea in Abatement—Dismissal Without Decision on Merits Not an Affirmance.

1. The dismissal of proceedings in error without a decision on the merits is not equivalent to an affirmance of the judgment and a second proceeding for review may be prosecuted within the time provided by law.

2. The effect of a plea in abatement and a motion to dismiss on the ground of the pendency of another action, is the same.

3. The principles of law applicable to the pendency of another suit in courts of original jurisdiction, are also applicable to proceedings in error.

4. The rule that the first suit in a court of original jurisdiction is no bar to the commencement of a second suit if the former is ineffective is applicable to appellate proceedings.

5. In cases where it does not appear that the second proceeding in error is vexatious, it should not be dismissed even though a former proceeding in error was pending when the second was instituted, and was not dismissed until plea in abatement or motion to dismiss was filed, if such first proceeding is dismissed before the submission of a plea in abatement or the equivalent thereof.

ERROR to the District Court, Sweetwater County; VOLNEY J. TIDBALL, Judge.

Heard on motion to consider the record in Case No. 1027 as the record in this case and also heard on motion to dismiss.

*Kinkead, Ellery & Henderson, Herbert Van Dam, Jr.,* and *P. W. Spaulding,* for plaintiff in error.

Case No. 1027 involving interest of the same parties was dismissed and this proceeding was started. The motion is that the record in 1027 be considered the record in this case, which presents a different arrangement of some of the parties. Upon this ground Joseph Barrett moves to dismiss. The gist of this motion is that Mary Barrett has no right to separate herself from Patrick C. and Joseph E. Barrett, and that they are not proper defendants in this proceeding. The common law rule has been changed by the code. Where the code provisions applicable to proceedings in error are silent upon a question provided for by the procedure relating to actions in courts of original jurisdiction, the latter may be followed. (Evans v. Brick Co., 20 Wyo. 188.) The rule relating to parties plaintiff and defendant in the petition in error was considered in Smatters v. Rainey, 14 O. St. 287. The essential thing is that all parties be before the court. (5593 C. S. In re

Big Laramie River, 192 Pac. 680; Richardson v. Thompson, 60 N. W. 909; Railway Co. v. Austin, 163 Pac. 517; Denny v. Ostrander, 127 Pac. 390.) A party adversly interested in sustaining the decree below should be joined as defendant in error. (3 C. J. 1019.) Patrick and Joseph Barrett were not necessary plaintiffs in error. (Howard v. Levering, 8 Ohio Cir. Ct. 614.) All parties interested in the decree are before the court.

*N. R. Greenfield,* for James Barrett moving for dismissal.

A second proceeding in error cannot be taken while a prior proceeding is pending. (3 C. J. 531; Const. Co. v. Crane, 174 U. S. 600; Brown v. Plummer, 70 Cal. 337; Daly v. Kohn, 230 Ill. 436; State v. King, 6 S. D. 297; U. S. Co. v. Shedd, 240 Fed. 689; Mitter v. Black Diamond Coal Co., 191 Pac. 1069.)

*T. S. Taliaferro, Jr., W. A. Muir,* for defendants in error.

The record in 1027 should not be allowed to be used in 1053. The dismissal of Case No. 1027 upon the ground stated in the motion therefor is *ipso facto* a confession of the facts upon which No. 1053 must rest. The motion to dismiss the petition in error in the present case is predicated upon several grounds among them that the matters complained of were never presented below in a motion for new trial; that the conveyance to Mary Barrett was without consideration and that Mary Barrett had not filed objections to the final account and petition for distribution. The grounds of the motion are conceded in the supplemental memorandum filed by defendant in error after the oral argument. The first proceeding in error could not be abandoned. To abandon is to totally withdraw. (Pidge v. Pidge, 44 Mass. 257.) A perfect title cannot be abandoned. (City v. Riddle, 25 Pac. 259.) The pendency of an ineffective appeal is no bar to a second appeal in the same cause. (Sligh v. Shelton, 54 Pac. 763.) The case at bar resembles the case of Reichenback v. Lewis, 5 Wash. 577.) The authorities cited by counsel for plaintiff in error

are without application. (Shaw v. Robertson, 70 N. W. 953; Smith v. Morrill, 52 Pac. 1110; Chambers v. Ousham, 155 S. W. 595; Daly v. Foster, 128 Pac. 71.) Some states hold that a proceeding in error can be instituted after an appeal has been brought in an appellate court. In the Horton case this court held that it cannot be done, and there is nothing in Boner v. Bank that modifies the rule.

*Kinkead, Ellery & Henderson, Herbert Van Dam,* and *P. W. Spaulding,* in reply.

The filing of the petition in error in 1053 was a confession of the motion of defendants in error to dismiss proceedings in error in No. 1027, and also constitutes record evidence of an abandonment of Case No. 1027. Case No. 1053 is not subject to dismissal on the ground that No. 1027 had not been formally dismissed of record. (3 C. J. 331. Noble v. Whitten, 76 Pac. 95; Shaw v. Robinson, 70 N. W. 953; Smith v. Morrill, 52 Pac. 1110; Lonergan v. Pebbles, 76 So. 694; Slobofiskey v. Curtis, 78 N. W. 322.) The rule in the Lonergan and Slobofiskey cases seems to be the equitable rule and as our statute is silent on the point, the Nebraska and Florida decisions should be followed. As to the use of the record filed in Case No. 1027 for purposes of the proceedings in 1053, Boner v. Bank seems to be directly in point in supporting the application.

BLUME, Justice.

On June 8th, 1921, there was pending in this court a proceeding in error, No. 1027, fully perfected, entitled Mary Barrett, Patrick C. Barrett, and Joseph E. Barrett, plaintiffs in error, v. Tom Whitmore, as administrator of the estate of Mary Barrett, deceased, James Barrett, Union Pacific Coal Company, a corporation, E. E. Peters, and G. C. Gray, defendants in error. The only difference in the titles of this case, No. 1053, and of No. 1027 is that in the latter Patrick C. Barrett and Joseph E. Barrett are co-plaintiffs in error, whereas in No. 1053 they are, instead, made co-defendants in error. On January 8, 1921, there

was filed in said cause No. 1027 a motion by James Barrett to dismiss the proceeding, alleging among other reasons that the assignments of error are joint, and that it appears that Patrick C. Barrett and Joseph E. Barrett disclaim any interest in the subject matter. Thereupon on June 8th, 1921, plaintiffs in error therein filed a motion for permission to amend the petition in error. Tom Whitmore, as administrator, on June 8th, 1921, filed a motion therein to strike said motion of plaintiffs in error. Thereupon, on June 8th, 1921, without said motions having been acted on, this proceeding in error, No. 1053, was instituted. An order for the original papers and entries was duly issued, directed to the clerk of the District Court of Sweetwater County, who subsequently, on August 6th, certified that all of the original papers and files called for had been transmitted by him to this court in connection with case No. 1027 and that he, therefore, could not transmit the same as commanded. The truth of this certificate is not questioned, and it seems the papers asked for are the same as those so theretofore transmitted. Thereupon, on October 6, 1921, there was filed in the present cause a motion by Mary Barrett, plaintiff in error, that said original papers and files theretofore transmitted to this court in connection with cause No. 1027 be considered and used by the court as the original papers in this cause, No. 1053. This motion has been duly argued and submitted in connection with the motion to dismiss hereinafter mentioned.

In the meantime, and on August 29th, 1921, said Tom Whitmore filed herein his plea in abatement, the substance of which is, so far as material here, that there is another action, namely, No. 1027, pending between the same parties, involving the same issues. Thereupon, on September 27th, 1921, there was filed in this court by the plaintiffs in error, through their attorneys, Kinkead, Ellery & Henderson, a motion to dismiss said cause No. 1027, setting forth among other things, that Mary Barrett at all times was and is the real and only party in interest so far as plaintiffs in error are concerned; that cause No. 1053 was instituted for the

purpose, not of delay, but to correct errors in the prior proceedings; that the motions to dismiss and strike the motion to amend, filed in cause No. 1027, was apparently confessed; that the latter cause was not dismissed, when cause No. 1053 was instituted, by inadvertence of counsel, although they then had a formal dismissal, signed by counsel of record in cause No. 1027 in their hands for the purpose of filing it. This motion, so signed by the counsel of record in the latter cause, is attached, and the allegations are supported by the affidavit of one of the attorneys of record in cause No. 1053. Notice of the hearing of this motion was duly given, and no objections having been filed cause No. 1027 was dismissed without prejudice by this court on October 3, 1921. Thereafter and on November 19, 1921, James Barrett, one of the defendants in error herein, filed in cause No. 1053 his motion to dismiss the same for the reason that at the time of the commencement thereof another action, involving the same subject matter, was pending. This motion has been submitted in conjunction with the motion for the use of the original papers above mentioned, and is now up for disposition.

Some contention is made that no authority is shown from Patrick C. Barrett and Joseph E. Barrett for dismissal of cause No. 1027. Attention is called to the fact that Mary Barrett filed in said cause on August 13, 1921, her authority for the appearance of Kinkead, Ellery & Henderson in said cause and in any subsequent proceeding. We can see no force in the contention. · The rule is, that except under special circumstances making it inequitable for the co-parties, which circumstances do not appear to exist in this case, one of the parties who desires to dismiss an appeal as to himself may do so. (4 C. J. 564; Field v. Kenneweg, 218 Ill. 366, 75 N. E. 986; Thorp v. Thorp, 40 Ill. 113.) Again, Patrick C. Barrett and Joseph E. Barrett do not question the authority of the attorneys to dismiss the cause, and we do not think that any other person has the right to do so. So we shall proceed to determine as to whether or not cause No. 1053 should be dismissed on

account of the pendency of cause No. 1027 when the former was instituted.

We are cited to a number of authorities which hold that a second appeal cannot be brought while a valid appeal between the same parties and involving the same subject matter is pending, and wherein the motion to dismiss the second appeal was sustained. The California cases to that effect are based on Hill v. Finnigan, 54 Cal. 311, where the court said that the second appeal was a nullity, "for there was nothing then pending in the district court from which an appeal could be taken." So in State ex rel. v. King, 6 S. D. 297, 60 N. W. 75, the court said that under such conditions the second appeal was nugatory. "There was nothing for it to act upon—nothing that he could bring to this court by appeal. (Hill v. Finnigan, 54 Cal. 311.)" So the Iowa Supreme Court in Pilkington v. Potwin, 163 Iowa 86, 144 N. W. 39, following an earlier case as well as State ex rel. v. King, supra, said:

"It is not disputed by appellant that, where a proper notice of appeal has been served and the appeal perfected, the lower court loses jurisdiction and the cause is transferred to this court. It has been held that a subsequent appeal by the same party, while such former appeal is pending, is nugatory."

The reasoning in Reichenbach v. Lewis, 5 Wash. 577, 32 Pac. 460, 998, is about the same. The theory, however, upon which such holding appears to be predicated is more plainly stated in Daly v. Kohn, 230 Ill. 436, 83 N. E. 328, where the court said:

"An appeal is a continuation of the same case, and when the case is transferred to an appellate tribunal by appeal, there is no case pending in the trial court upon which a writ of error will operate at the suit of the party prosecuting the appeal until the case gets back into the trial court in some regular way."

On the other hand, the Supreme Court of Nebraska, holds that both a proceeding in error as well as an appeal may be instituted, but that an election upon which the party

relies must be made before the final submission of the case. (Beatrice Paper Co. v. Beloit Iron Works, 46 Nebr. 900; Jones v. Danforth, 71 Nebr. 130.) In Lonergan v. Peebles, (Fla.) 76 So. 694, a second appeal was instituted while another valid appeal was pending. On the return day for the second appeal, the first was dismissed. It was held that the motion to dismiss the second appeal should be overruled. In Gould v. United States, 205 Fed. 883, the circuit court of appeals, speaking through Judge Sanborn, held that where two writs of error were sued out, both should, under the circumstances, stand, and the case be heard upon both writs. The first writ was not considered ineffective. The court said in part:

''The United States Circuit Courts of Appeals were established to provide, not to prevent, reviews of challenged rulings of the courts below. While the parties in these cases seem to have treated the first writs as though they were abandoned at the time that the second writs were issued, they were not dismissed by order of court, nor was any motion to dismiss them made by either party and before they expired by limitation the transcript and return to each of them was filed. In this state of the case the records in these cases fail to convince that the first writs have ever become ineffective. And to the end that there may be a full and fair review of all the challenged rulings of the court below, let an order be made that the motion to dismiss the second writs is denied.''

The reasoning of the California, South Dakota, Iowa and Illinois cases are apparently based on the theory that jurisdiction of the cause having been removed .to the Supreme Court by the first appeal, there is nothing remaining in the lower court; that the judgment, being removed therefrom, it is, so far as that court is concerned, a nullity—not in existence, and hence there is nothing upon which a second appeal or proceeding in error can be based. That same argument was made in the case of Jenny v. Walker, 80 Ohio State 103, 88 N. E. 123, where the court, disapproving of that reasoning as applied to a case where a proceeding

in error and an appeal were both instituted, said in part:

"The error of such contention or claim is found in the fallacy of the premise upon which it rests, namely; that the appeal cancels and destroys the judgment. The effect of the appeal is not, as assumed by counsel, to vacate and destroy the judgment appealed from, but its only effect is to *suspend* such judgment, and to stay proceedings to enforce its execution. It does not operate to annul the judgment; or to otherwise impair its vitality and obligation than by merely suspending its enforcement during the pendency of the appeal."

We held in the recent case of Finley v. Pew, 205 Pac. 310, that though one of the parties to a case bring the cause here by direct appeal, the other, complaining of the same judgment, may, nevertheless, bring it here by proceedings in error. It is difficult to conceive that if an appeal so completely removes a judgment and the proceedings in connection therewith, that a subsequent proceeding in error cannot operate thereon, how our holding in the foregoing case could be sound. The Illinois Supreme Court in Daley v. Kohn, supra, holds that the two theories do not conflict, but that statement is not convincing to reason. A review in an appellate court is sought from a judgment that has been rendered, and a cause that has been decided. The lower court, upon the institution or perfection of the proceedings for review, may lose control over that judgment and the cause, and may have no further jurisdiction, while such proceeding for review is pending in the appellate court, to do anything in connection therewith, but, nevertheless, the judgment remains, and it retains, though jurisdiction over it is removed to the Supreme Court, at least a potential vitality sufficient to permit such proceedings in error.

Some of the cases cited by counsel can further be understood on account of the fact that the courts, deciding them, hold that dismissal is, generally speaking, equivalent to an affirmance of the judgment. That appears to be the rule in California and Georgia. (Boner v. Bank, 25 Wyo. 260,

168 Pac. 726.) In such case no second proceeding could be of any avail. It is held in South Dakota that a dismissal is equivalent to an affirmance, unless the dismissal is made by the court without prejudice, which is in effect an order granting the right for a second appeal. (Carlberg v. Fields, 33 S. D. 410, 146 N. W. 560.) In such case, too, we can readily understand why a court should hold that in the absence of such order without prejudice, a second proceeding for review, commenced while the first is still pending, may be held to be void. We, however, held in the case of Boner v. Bank, supra, that a dismissal is not, of itself, equivalent to an affirmance of the judgment, and that where a case is dismissed in this court, without having passed on the merits, a second proceeding for review may, within the time provided by law, be prosecuted. We adhere to the holding of that case, and that implies that this court is inclined favorably to reviewing a case, other necessary requiremenst being complied with, where a case has not in this court been disposed of on its merits. Should the technical oversight of not having the case dismissed on June 8th, 1921, before commencing the second proceeding in error, be held one of the ''other' necessary requirements?'' We think we can answer this by considering other well established principles of law.

A subsequent suit in courts of original jurisdiction may generally be abated on the ground of the pendency of a prior action between the same parties on the same cause. The rule is based on the principle that multiplicity of suits should be avoided and a party should not harass another with unnecessary litigation. (1 C. J. 45.) And this principle applies in appellate proceedings as well as in actions in courts of original jurisdiction. (Elliott, Appellate Procedure, § 528.) The rule at common law was that where a suit was commenced while a prior suit was pending, the pendency of such prior suit was good ground for a plea in abatement, although the prior suit was subsequently dismissed. This is substantially the rule which is sought to be applied in this case, for the effect of a plea in abatement

and the motion to dismiss on the ground of the pendency of another action is, of course, the same. (See Elliott, Appellate Procedure, § 528.) The common law rule mentioned was applied in a few of the earlier decisions in this country, but with the exception of Georgia, seems to have been abandoned. Thus that rule was announced in Wisconsin in the case of LeClere v. Wood, 2 Pinn. 37. But the Supreme Court in that state reversed itself in the case of Bates v. Chesebro, 32 Wis. 594, where the court said in part:

"It seems to us that to enforce the rigid rule contended for by the counsel in a case like this, when judgment of dismissal has been entered by the court and the defendant's costs taxed and received by him, is really to sacrifice the substantial rights of parties to a mere technicality. We are not disposed to sanction such a rule of practice. If we could see that the defendant was prejudiced in any substantial right by the course adopted by the plaintiff, the case would be different. As it is, he has suffered no practical wrong; he has his costs; and we therefore think that the court properly denied the nonsuit for the mere reason that the former action was pending when the present one was commenced."

And it is now the general rule that where the first suit is dismissed, whether before or after the beginning of the second suit, and at any time before the hearing of the plea of abatement, the latter will fail. (1 R. C. L. 11, 1 C. J. 94.) Some of the courts have expressed themselves cautiously. Thus it was said in Willson v. Milliken, 103 Ky. 105, 44 S. W. 660, 82 A. S. R. 578, 42 L. R. A. 449:

"The more modern rule seems to be that the objection of a former suit pending is removed by its dismissal or discontinuance, even after plea in abatement in the second suit. * * *. We think this is a more just and reasonable rule, and so hold to be the law; but we would not be understood as holding this to be inflexible and to be applied in all cases. The reason of the rule in the beginning, that a plea of former action pending would abate the second action, is just as good today as when the rule was adopted.

*i. e.,* that vexatious litigation would not be permitted; and if it appears that the second action was brought for the purpose of vexation rather than to seek legal rights, the plea should be sustained.''

The Supreme Court of Connecticut in the case of Hatch v. Spofford, 22 Conn. 484, 494, speaking of the nature of the rule that a second action should be abated, said in part as follows:

''The rule   *   *   *   is not a rule of unbending rigor, nor of universal application, nor a principle of absolute law—it is rather a rule of justice and equity.   *   *   *.   It is obvious then, a second suit is not, of course, to be abated and dismissed as vexatious, but all the attending circumstances are to be first carefully considered, and the true question will be, what is the aim of the plaintiff? Is it fair and just, or is it oppressive?   *   *   *.''

We see no reason, both from the standpoint of applying principles uniformly whenever that can be done, or from the standpoint of justice, why the principles of law applicable to the pendency of another suit in actions in courts of original jurisdiction should not be applicable to proceedings in error. We need not determine anything as to appellate proceedings by direct appeal. But a proceeding in error is in the nature of a new suit. (3 C. J. 304; Levering v. Bank, 87 O. S. 117; 100 N. E. 322; Ann. Cas. 1913 E. p. 917. See Lobell v. Oil Co., 19 Wyo. 170.) We have seen that the principle that a litigant should not be harrassed by a second or subsequent suit between the same parties, and involving the same subject matter, applies here as well as to actions below. Further, it is evidently the common law rule, above mentioned, first applied to actions in courts of original jurisdiction, that was adopted by courts later in cases of appeal. Again, there is another rule relating to this subject, namely, that the first suit in courts of original jurisdiction is no bar to the commencement of the second suit if the former is ineffective. (1 C. J. 91.) This principle, too, is applied in appellate proceedings as shown by some of the cases cited on this hearing.

And so we find the principles applicable to second suits in courts below applied to appellate proceedings in various ways. We think we should apply them here, and accordingly feel constrained to hold that, in cases where it does not appear that the second proceeding in error is vexatious, the latter should not be dismissed, even though the first proceeding was still pending when the second was instituted, and was not dismissed until after a plea in abatement or motion of dismissal was filed, provided such first proceeding is dismissed before the submission of the plea in abatement or the equivalent thereof. We find nothing in this case that would cause us to think that cause No. 1053 was instituted for purposes of vexation, and the motion to dismiss it must be accordingly overruled.

The motion of plaintiff in error to be permitted to use in this case the original papers now in this court in connection with cause No. 1027 must be sustained. That was ruled in Boner v. Bank, supra. The plaintiff in error herein asked for certain specified papers and the clerk of the district court certified that these identical papers were in this court. It would subserve no good purpose to simply send these papers back and have them recertified. The clerk certified in connection with case No. 1027 not only the original papers but the journal entries, required in this case, as well. While counsel probably intended to move that said journal entries as well as the original papers be used in this case, the motion covers only the original papers. Counsel may, if they desire, amend the motion so as to apply to said journal entries, and if so amended, the same will be sustained as so amended.

There are some other points mentioned in the briefs, but these are not controlling on this hearing.

*Motion to dismiss overruled.*
*Motion to use papers sustained.*

POTTER, Ch. J., and KIMBALL, J., concur.