## MEADE et al. v. VAN TOY CO.

(Circuit Court of Appeals, Sixth Circuit. January 11, 1924.)

No. 3907.

1. **Appeal and error ⊚⇒954(1)—Granting of preliminary injunction discretionary.**

As a general rule an order granting or refusing a preliminary injunction will not be disturbed, unless it clearly appears that the District Court has exercised the discretion vested in it on a wholly wrong comprehension of the facts or law of the case.

2. **Trade-marks and trade-names and unfair competition ⊚⇒100—Defendant in infringement suit cannot assert rights of principal not a party.**

A selling agent, temporarily enjoined from selling an article infringing a trade-mark, cannot predicate a right to reversal on the damages which will result to its principal, which is not a party.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit in equity by the Van Toy Company against Alexis E. Meade and William Wirtshafter, doing business as the Musical Novelties Company. From an order granting a preliminary injunction, defendants appeal. Affirmed.

Schaefer & Lawrence and Bates & Macklin, all of Cleveland, Ohio, for appellants.

Fay, Oberlin & Fay, of Cleveland, Ohio (Bulkley, Hauxhurst, Jamison & Sharp, R. H. Jamison, and John F. Oberlin, all of Cleveland, Ohio, on the brief), for appellee.

Before DENISON and DONAHUE, Circuit Judges and HICKS, District Judge.

PER CURIAM. This is an appeal from a decree of the District Court granting a preliminary injunction in a suit by appellee to enjoin appellants from infringing its trade-mark "Vantoy," registered in

the United States Patent Office May 16, 1922. The District Court, as a condition precedent to the issuing of this temporary injunction, required the plaintiff to execute a bond to the defendants in the penal sum of $10,000, which bond has been given and approved.

[1] As a general rule, an order granting or refusing a preliminary injunction will not be disturbed, unless it clearly appears that the District Court has exercised the discretion vested in it upon a wholly wrong comprehension of the facts or law of the case. Rousso v. First Nat. Bank of Detroit (C. C. A.) 287 Fed. 273, and cases there cited. The record does not disclose that the District Court abused its discretion, or that its action was predicated on a wrong comprehension of the facts or law of this case. The bond required to be given as a condition to the issuing of the temporary injunction is amply sufficient in amount to indemnify the appellants from any loss or damage they may sustain, if it should hereafter be determined that the temporary restraining order was wrongfully adjudged.