In re MICHIGAN–OHIO BLDG. CORPORATION.

FELLHEIMER et al. v. TOWNSEND et al.

No. 7452.

Circuit Court of Appeals, Seventh Circuit.

Feb. 6, 1941.

Edgar Schoen, and Aaron Taymor, both of Chicago, Ill., for appellants.

Melvin M. Hawley, Roger Q. White, Cyrus Mead, III, and Bernard Hoban, all of Chicago, Ill., for appellees.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

This appeal grows out of a corporate proceeding instituted in 1933 under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. An order approving a plan of reorganization, entered October 20, 1937, upon appeal at the suit of one of the present appellants, was affirmed, May 21, 1938, In re Michigan-Ohio Building Corporation, 7 Cir., 97 F.2d 845. Thereafter the plan was carried to fruition; the property of the debtor being conveyed to a new corporation, 612 North Michigan Avenue Building Corporation, shares of stock in which each bondholder of the debtor received in exchange for his bonds. Appellants here are two such stockholders.

In due course, the court entered an order approving the account of the trustees and discharging them, but retaining jurisdiction of the cause for two years,—a reservation justified, in the opinion of the court, by its finding that numerous problems of accounting, management and operation had confronted the new corporation ever since its creation and would probably continue to arise for sometime. Of this retention of jurisdiction appellants now complain. Their sole cry is that the court was without authority thus to reserve power to act.

We are faced at the outset with the question obtruding from the face of the record as to whether appellants have such

an interest or are to such degree aggrieved as to create in them the right to appeal. Generally accepted is the legal tenet that no one may appeal from a judgment unless he has an interest therein, direct, immediate, pecuniary and substantial. Speaking more specifically, a party has an appealable interest only when his property may be diminished, his burdens increased or his rights detrimentally affected by the order sought to be reviewed. 4 C.J.S., Appeal and Error, § 177. It follows that if his interest or right in and to the subject matter ceases pendente lite, by conveyance, assignment or otherwise, his appealable interest thereby expires, however prejudicial the judgment may be to another. Stearns-Roger Mfg. Co. v. Brown, 8 Cir., 114 F. 939. Furthermore the right invaded or the injury sustained must be subsisting and immediate, not one arising as some possible, remote, unforeseen consequence. 4 C.J.S., Appeal and Error, § 183; 2 Am.Jur. §§ 153-168; Hamilton Trust Co. v. Cornucopia Mines Co., 9 Cir., 223 F. 494, at page 499, certiorari denied 239 U.S. 641, 36 S.Ct. 161, 60 L.Ed. 482. In Luckenbach v. Laer, 190 Cal. 395, 212 P. 918, 920, the court dismissed an appeal of parties against whom a receiver had been directed to take action. After holding such parties proper appellants under the statute, the court, reiterating that only aggrieved parties may appeal, said:

"Those orders which the appellants subsequently sought to have vacated and set aside were merely permissive in character. Nothing was attempted thereby to be taken away from the appellants. * * * We find no cases holding that some remote consequence which may flow from an order will render a party aggrieved thereby. The right invaded must be immediate."

In the absence of corporate fraud, stockholders are, so far as respects corporate property and rights, represented by the corporation. Farmers' Loan & Trust Co. v. Waterman, 106 U.S. 265, 1 S.Ct. 131, 27 L.Ed. 115. As they have no interest in the corporate property as such but only an intangible interest in the corporation, they may not appeal when the corporation is present and represents their interests. Davis v. Mercantile Trust Co., 152 U.S. 590, 14 S.Ct. 693, 38 L.Ed. 563; Meade v. Van Toy Co., 6 Cir., 295 F. 139.

Here appellants are wholly without direct interest in the subject matter of which the court had jurisdiction. They are stockholders of the corporation which has come to own the assets and which is party to the proceeding. There is nothing to show conduct on the part of the corporation of such character as to endanger in any way their rights as individual stockholders. They have ceased to have any legal interest in the property of the debtor. They are no longer concerned with an accounting of the latter's assets. They are in no wise aggrieved; they are deprived of no property or right; upon them is imposed no burden. If there are ever to be any consequences resulting to their injury, they are not reflected by the record. Nothing would justify us in concluding that they are even remotely affected by the decree. It grants no relief against them or in their favor. It is, in the language of the opinion quoted, merely a permissive order.

Appellants assert that the reservation of jurisdiction may affect the market value of their stock in the corporation which has received the assets. Of this there is no proof. But at best this is a problematical, questionable, wholly remote and inconsequential possibility. As the court said in White Brass Castings Company v. Union Metal Manufacturing Company et al., 232 Ill. 165, 83 N.E. 540, 541, 122 Am.St.Rep. 63, concerning the interests of stockholders: "The indirect interest arising from the fact that the value of their stock may be increased or diminished by a judgment or decree against the corporation does not authorize each one, or a majority, or all of the stockholders, in their own names, to prosecute a writ of error to reverse such judgment or decree."

Though no motion to dismiss the appeal has been interposed, we deem it our obligation, upon the face of the record, to act nostra sponte. The appeal is dismissed.