PATRICK HURSEN

*v.*

MARGARET HURSEN.

*Opinion filed April 20, 1904.*

APPEALS AND ERRORS—*when suit involves a freehold.* A bill to set aside and cancel a deed from complainant to defendant upon the ground of fraud involves a freehold, and an appeal from a decree dismissing the appeal lies directly to the Supreme Court.

*Hursen* v. *Hursen,* 110 Ill. App. 345, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES G. NEELY, Judge, presiding.

F. S. BAIRD, for appellant.

BENEDICT J. SHORT, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellant filed his bill in the circuit court of Cook county against appellee, his wife, to set aside a certain deed of conveyance from him to her upon the ground of fraud and conspiracy. The bill alleges that appellant was a widower and proposed marriage to appellee, which she accepted provided he would make her certain presents. He then charges that appellee, previous to her marriage with him, conspired with her sister and other persons to him unknown, to obtain from him certain real estate described in the bill, and that she fraudulently, with the intent to cheat and defraud him out of said premises, entered into marriage relations with him, meaning and intending thereby to secure from him as many presents and as much property as possible and then refuse to live with him, and that in furtherance of such conspiracy she did marry him and did obtain from him a deed to said property and afterward refused to

live with him. The bill avers that said deed is a cloud upon his title, and prays that it be declared null and void and canceled of record. Appellee in her answer denied the alleged fraud set up in the bill, and averred that the property was agreed to be and was conveyed by appellant to her in settlement of property rights between them, before their marriage. Upon a hearing before the chancellor on bill, answer, replication and evidence, the bill was dismissed for want of equity at the cost of appellant. From that order an appeal was prayed to the Appellate Court, where the appeal was dismissed upon the ground that a freehold was involved and that the appeal should have been taken directly to this court, from which order of dismissal this further appeal has been prosecuted.

It is now claimed by appellant that the deed to appellee was in fact a mortgage, given to secure her in her property rights, and was not intended to, and in fact did not, convey to her the fee of the premises in question, consequently no freehold was involved. This contention, however, is not sustained by the record. The conveyance is by warranty deed absolute upon its face. It was treated by the parties as a conveyance of land,— not as a security or mortgage upon land. The bill, as filed, treats the deed as an absolute conveyance and not as a mortgage, and asks that it be canceled and declared null and void. A freehold, within the meaning of the statute, is involved in a case where the necessary result of the judgment or decree is that one party gains and the other loses an estate in land, or where the title to the estate is so put in issue by the pleadings that the determination of the case necessarily involves a decision of that issue, and by the terms of the statute in all such cases an appeal lies directly from the trial court to this court. (Hurd's Stat. 1901, chap. 37, par. 25; *Nevitt* v. *Woodburn*, 175 Ill. 376.) The necessary result of the decree below involves the fee of the land. Therefore a

freehold was involved, and the appeal should have been taken directly to this court.

The affirmance of the order of the Appellate Court dismissing the appeal disposes of the case so far as this court is concerned, but in considering that question it has become necessary to examine the evidence offered before the court, and we are impressed with the fact that it wholly fails to support the allegations of the bill charging fraud and conspiracy, and that the chancellor committed no error in dismissing the same at the complainant's cost. However, we can only affirm the judgment of the Appellate Court.          *Judgment affirmed.*