Daly v. Kohn.

---

## Charles L. Daly, Trustee, v. Sidney M. Kohn et al.

### Gen. No. 13,256.

FREEHOLD—*when involved.* A freehold, within the meaning of the statute, is involved in a case where the necessary result of the judgment or decree is that one party gains and the other party loses an estate in land, or where the title to the estate is so put in issue by the pleadings that the determination of the case necessarily involves a decision of that issue, and by the terms of the statute in all such cases an appeal should go directly from the trial to the Supreme Court.

Bill to set aside conveyance. Appeal from the Superior Court of Cook County; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in this court at the October term, 1906. Appeal dismissed. Opinion filed April 29, 1907.

ALDEN, LATHAM & YOUNG, for appellant.

DAVID J. LYON and HENRY M. SELIGMAN, for appellees.

Mr. Justice Adams delivered the opinion of the court.

A motion has been made in this case by the appellees to dismiss the appeal, on the ground that a freehold is involved, and, therefore, that the appeal should have been to the Supreme Court. The bill is by Charles L. Daly, trustee in bankruptcy of the estate of Sidney Kohn and Edward A. Kohn, doing business in the firm name of S. & E. A. Kohn, and they and Katie Kohn are made defendants to the bill. It is alleged in the bill that, September 2, 1902, a petition in bankruptcy was filed in the United States District Court for the Northern District of Illinois, by Katie Kohn and others named, to have Sidney Kohn and Edward A. Kohn adjudged bankrupt, and that, October 23, 1902, an order was entered in said court adjudging them bankrupt, and referring the further proceedings to Sidney E. Eastman, referee in bankruptcy, and that, January 8, 1903, at a meeting of the creditors of Sidney and E. A. Kohn, complainant was duly elected trustee in bankruptcy of the estate of said Sidney and E. A. Kohn, and qualified as such.

It is further averred in the bill, that, prior to the filing of the petition in bankruptcy, Sidney Kohn and Edward A. Kohn were each the owner in fee simple of an undivided one-fifth of the south two hundred and five-twelfths feet of lot 200, in Bronson's addition to Chicago, in Cook county, Illinois, and that, prior to filing said petition in bankruptcy, and after the accruing of the indebtedness due to certain of their unsecured creditors, Sidney and Edward A. Kohn conveyed to their mother, Katie Kohn, by deed of date September 24, 1901, their said interest in said described premises, which deed was not filed for record till September 2, 1902. Said conveyance was without consideration and a mere sham, and made with the intention of defrauding the creditors of said Sidney and Edward A. Kohn, etc. It is prayed, among other things, "that, upon a hearing hereof, the said conveyance, including the deed thereof, as to your orator, be set aside and vacated and declared null and void; that the said Katie Kohn be ordered to convey said undivided two-fifths in the property above described to your orator, and

Daly v. Kohn.

in default thereof, that a conveyance be made by a master in chancery under the direction of this court."

In Hursen v. Hursen, 209 Ill., 466, the court say: "A freehold, within the meaning of the statute, is involved in a case where the necessary result of the judgment or decree is that one party gains and the other loses an estate in land, or where the title to the estate is so put in issue by the pleadings that the determination of the case necessarily involves a decision of that issue, and by the terms of the statute in all such cases an appeal lies directly from the trial court to this court."

Other decisions of the Supreme Court are to the same effect. By the act of Congress in regard to bankruptcy, it is provided: "The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt," etc. 1 Federal Statutes Annotated, page 697, section 70.

If the complainant in this cause succeeds, the result will be to transfer to him the title in fee simple to the undivided two-fifths in question, now in the defendant, Katie Kohn. She will lose and he gain title to said undivided two-fifths.

In Dean v. Plane, 195 Ill., 495, 501, the court say: "The claim that the title to one-seventh of the vacant lot passed to the trustee as of the date of the adjudication in bankruptcy, by virtue of the provisions of the Bankrupt Act, involves the freehold, and the Appellate Court has no jurisdiction of an appeal involving a freehold. As appellant could not assign an error involving the freehold in that court, he cannot assign an error of that kind on a review of its judgment. The provision of the Bankrupt Act for vesting the title of real estate in the trustee does not relate to the establishment of a lien, but involves the freehold and transfers title. If appellant desired to raise a question whether title passed to the trustee, he should have appealed directly to this court."

In this case the title is put in issue by the pleadings, and if the complainant shall succeed, the result will be as we have stated.

The motion of appellees will be sustained and the appeal will be dismissed.

*Appeal dismissed.*