CHARLES L. DALY, Trustee,*

*v.*

KATIE KOHN *et al.*

*Opinion filed October 23, 1907—Rehearing denied Dec. 10, 1907.*

1. APPEALS AND ERRORS—*when freehold involved—bankruptcy.* The provision of the Bankruptcy act for vesting the title of the bankrupt's real estate in his trustee does not establish a mere lien but transfers title, and hence a proceeding by the trustee to set aside a deed from the bankrupt to a third person as in fraud of creditors involves a freehold, and an appeal from a decree dismissing the bill lies to the Supreme Court.

2. SAME—*writ of error will not lie while appeal is pending.* An appeal to the Appellate Court, even though improvidently taken, transfers the case to the appellate tribunal, and hence, though the Appellate Court dismisses the appeal, if a further appeal is taken to the Supreme Court no writ of error will lie at the suit of the party appealing until the appeal is disposed of in the Supreme Court. (*Harding* v. *Larkin,* 41 Ill. 413, and *Page* v. *People,* 99 id. 418, distinguished.)

APPEAL from the Appellate Court for the First District ;— heard in that court on appeal from the Superior Court of Cook county; the Hon. W. M. McEWEN, Judge, presiding.

ALDEN, LATHAM & YOUNG, (CHARLES MARTIN, of counsel,) for appellant.

DAVID J. LYON, and HENRY M. SELIGMAN, for appellees.

---

*With this case is decided the consolidated case of *Daly* v. *Kohn,* No. 5473.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the superior court of Cook county by Charles L. Daly, trustee in bankruptcy of the estate of Sidney Kohn and Edward A. Kohn, against said Sidney Kohn and Edward A. Kohn and one Katie Kohn, to set aside as fraudulent a certain deed from said Sidney and Edward A. Kohn to their mother, Katie Kohn, whereby Sidney and Edward A. Kohn had conveyed to Katie Kohn certain real estate described in the deed, situated in the city of Chicago. Answers and replications were filed, and upon a trial the bill was dismissed for want of equity, whereupon an appeal was prayed by the trustee to the Appellate Court for the First District, where the appeal, upon motion of the appellees, was dismissed for want of jurisdiction in the Appellate Court to hear and determine the same, on the ground a freehold was involved, and a further appeal has been prosecuted by the trustee to this court.

After the appeal was dismissed by the Appellate Court the trustee sued out a writ of error from this court to the superior court to bring in review before this court the decree of said superior court entered in said cause, and at the June term, 1907, of this court the appeal and writ of error were both pending in this court and the cases were consolidated and taken as one case.

It was averred in the bill that the deed from Sidney and Edward A. Kohn to Katie Kohn, which bore date September 24, 1901, was not filed for record until September 21, 1902, and that said deed was without consideration and was a mere sham and was made with the intention of defrauding and delaying the creditors of said Sidney and Edward A. Kohn, and it was prayed that said deed be set aside and vacated and declared null and void, that said Katie Kohn be ordered to convey the premises therein described to said trustee, and that in default thereof the master in

·chancery of said court be directed to convey said premises to said trustee.

The Bankrupt act provides: "The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested, by operation of law, with the title of the bankrupt as of the date he was adjudged a bankrupt." (1 Fed. Stat. Annotated, sec. 70, p. 697.) We are of the opinion, therefore, the question of title to real estate was involved in this suit, and not the question of the enforcement of a lien, as is the case in foreclosure suits and upon creditors' bills, and that the Appellate Court properly held that a freehold was involved. In *Dean* v. *Plane,* 195 Ill. 495, this court, on page 501, said: "The provision of the Bankrupt act for vesting the title of real estate in the trustee does not relate to the establishment of a lien, but involves the freehold and transfers title." The necessary result of the decree in this case was to sustain the title of Katie Kohn or to divest her of her title and transfer it to the trustee. A freehold was therefore involved. *Hursen* v. *Hursen,* 209 Ill. 466.

The trustee states in his suggestions in support of his motion to consolidate the appeal with the writ of error, that to secure as "speedy a decision as possible" of this case, so soon as the appeal was dismissed by the Appellate Court he prosecuted a further appeal to this court, and thereupon sued out a writ of error from this court to the superior court. The writ of error, under the practice in this State, was improvidently sued out and must therefore be dismissed. A writ of error cannot be sued out from this court by the appellant to review a judgment or decree of a trial court while he has an appeal pending in the Appellate or Supreme Court from said judgment or decree; and this is true although it may ultimately be held by this court that the appeal to the Appellate Court was improperly taken. In *Smith* v. *Chytraus,* 152 Ill. 664, it was held that the trial court acts

judicially in granting an appeal to the Appellate Court and within the jurisdiction committed to the court, and although the appeal may be erroneously granted to the Appellate Court and the Appellate Court be without jurisdiction to hear and determine the appeal, the order granting the appeal is not void, but the case is transferred to the Appellate Court and remains in that court, or in the Supreme Court if a further appeal be prosecuted, until the appeal is dismissed. An appeal is a continuation of the same case, and when the case is transferred to an appellate tribunal by appeal there is no case pending in the trial court upon which a writ of error will operate at the suit of the party prosecuting the appeal until the case gets back into the trial court in some regular way. A second appeal cannot be taken when the first appeal has not been dismissed, but is a valid subsisting appeal, and when an appeal is pending the case cannot be brought up by writ of error, by *certiorari* or by bill of exceptions. 2 Cyc. p. 523, and cited cases.

In the cases of *Harding* v. *Larkin,* 41 Ill. 413, and *Page* v. *People,* 99 id. 418, the appeal was prosecuted by the appellee or the writ of error was sued out by the defendant in error, and it was held the right to prosecute an appeal or sue out a writ of error was not barred or affected by the appeal or writ of error of the adversary of the party prosecuting the second appeal or second writ of error. The basis of those decisions is, that both parties may prosecute an appeal or sue out a writ of error from a judgment, and those cases in no way conflict with the holding in this case. In the cases of *Hibernian Banking Ass.* v. *Commercial Nat. Bank,* 157 Ill. 524, and *Same* v. *Same,* id. 576, the question here disposed of was not raised or considered.

The judgment of the Appellate Court will be affirmed in case No. 5508 and the writ of error will be dismissed in case No. 5473, without prejudice.

*Judgment affirmed; writ of error dismissed.*