JUSTIN K. WIRZBICKY, Appellant, *vs.* ALBERT DRANICKI *et al.* Appellees.

*Opinion filed June 18, 1908.*

1. APPEALS AND ERRORS—*party must show that master's finding, approved by chancellor, was against the weight of evidence.* One who has the burden of proof in a chancery case upon a question of fact must make it appear, on appeal, that the adverse finding of the master, which was approved by the chancellor, was against the preponderance of the evidence, otherwise his exception to such finding will be held to have been properly overruled.

2. MASTERS IN CHANCERY—*master's claim should show the time consumed in various matters.* A claim of the master in chancery in counties of the third class for services in examining questions of law and fact and reporting his conclusions should be properly itemized, and should show the time employed by him in the examination of questions of law and fact and in preparing his report of such findings and conclusions. (*Fitchburg Steam Engine Co.* v. *Potter,* 211 Ill. 138, followed; *Gottschalk* v. *Noyes,* 225 id. 94, referred to as containing a properly itemized claim.)

3. SAME—*Supreme Court will allow nothing for services of master covered by gross charge.* Where a charge is made by a master in chancery in a lump sum for "hearing arguments and examining questions in issue and reporting conclusions thereon," the Supreme Court will not make an examination of his report for the purpose of attempting to state correctly the items covered by the charge, the time given to each service and the amount to be allowed therefor, but will allow nothing on account of the services covered by the gross charge.

4. SAME—*fact that chancellor has approved master's charge is without special weight.* The chancellor's approval and allowance of the charge made by the master in chancery for examining questions in issue, hearing arguments and reporting conclusions have no greater weight than his conclusions on other propositions of like character, and litigants are entitled to the judgment of the Supreme Court as to the reasonableness of the charge.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

This is an appeal by Justin K. Wirzbicky from a decree of the circuit court of Cook county dismissing, for want of equity, a bill filed by him in that court on November 9, 1906,

against Albert Dranicki, Charles A. Churan, Louis F. Hopkins, and others, appellees, by which he sought to have vacated a certain judgment theretofore recovered against him by Dranicki and later assigned to Churan, and to have canceled and set aside certain conveyances affecting the title to real estate alleged to be owned by him in the city of Chicago.

The bill, as amended, avers that the appellant, when the bill was filed, and at all times mentioned in the bill, was the owner in fee simple of certain real estate known as No. 4559 South Hermitage avenue, in the city of Chicago, and that at all of said times he had been in the open, notorious and undisputed possession of the same, claiming to be the owner thereof; that on August 6, 1904, he entered into an agreement with Dranicki to perform work and labor upon said premises, and that in consideration of said agreement appellant then and there executed and delivered to Dranicki a certain judgment note for the sum of $500; that after receiving said note Dranicki neglected and refused to perform said work or any part thereof, which was the sole and only consideration for said note; that afterwards, on March 27, 1905, the said Dranicki, falsely pretending to be the owner of said note, procured judgment to be confessed and entered thereon in the circuit court of Cook county against appellant for the sum of $556.50 and costs of suit; that at the time said judgment was obtained appellant had no notice of said suit or proceedings, and that he did not know of the entry of said judgment, or of the execution of the deeds hereinafter mentioned, until about the time this bill was filed.

The bill further avers that on June 1, 1905, one Pearl G. Corey obtained a decree of foreclosure in the superior court of Cook county against appellant, and the property above described was ordered sold to satisfy said decree; that on June 30, 1905, the said premises were sold and a certificate of sale issued to the said Pearl G. Corey; that thereafter,

and before twelve months from the date of said sale, the said Corey assigned said certificate of sale to Felix Wirzbicky (a brother of the complainant) and Steeny Smailis, who since said time have been the owners thereof; that before the expiration of said twelve months appellant entered into an agreement with said Felix Wirzbicky and Steeny Smailis to keep and hold said certificate of sale in trust for and to deliver the same to him upon the payment to them of a certain sum of money; that on March 27, 1905, said Dranicki, Churan and Hopkins, each of whom knew that there was no consideration for said judgment note, formed a fraudulent conspiracy to cheat appellant out of said premises, and, acting in collusion, caused said judgment obtained by Dranicki to be assigned to Churan, and on June 30, 1906, an execution to be issued thereon against the appellant and placed in the hands of the sheriff of Cook county, and thereafter paid to the said sheriff, for the purpose of redeeming from the foreclosure sale, the sum of $1879.78, being the sum mentioned in said certificate of sale, with interest thereon from the date of said certificate, and caused said sheriff to endorse on said execution a levy upon said premises, to make sale of the same under said levy and to execute a certain deed, by means of which the said premises were conveyed by said sheriff to Churan, which deed was afterwards recorded in the recorder's office of Cook county on October 25, 1906; that on said last mentioned date, in pursuance of said conspiracy, Churan pretended to convey the said premises by a certain deed to Louis F. Hopkins, which deed was also thereafter recorded in said recorder's office; that said conveyance to Hopkins and the pretended assignment of said judgment to Churan were each without consideration, and that the levy made by said sheriff upon said premises and the deed executed by him to Churan are null and void and but clouds upon appellant's title; that said Felix Wirzbicky and Steeny Smailis still hold said certificate of sale in trust for appellant and have never accepted nor received any

money whatsoever in redemption from said sale; that the said Dranicki, Churan and Hopkins have caused a petition to be filed in the foreclosure suit still pending in the said superior court, praying that said court issue a writ of assistance to place said Hopkins in possession of said premises under said pretended conveyance to him; that by means of said pretended proceedings to redeem from the foreclosure sale, the said Dranicki, Churan and Hopkins, acting in pursuance of said conspiracy, are harassing, annoying and disturbing appellant, and trying to, and will, evict him from said premises unless restrained from so doing by the said circuit court. The bill prays that the conveyance of said premises by the sheriff of Cook county to Churan, and the conveyance by Churan to Hopkins, and the judgment against appellant, and all the proceedings thereunder, may be set aside, canceled, vacated and held to be but clouds upon appellant's title.

Dranicki and Churan answered, denying that appellant was the owner in fee simple of the premises at the time of the filing of his bill; admitting that on or about August 6, 1904, Dranicki entered into an agreement with appellant to do the carpenter work on a certain building then in process of construction on said premises, for the sum of $1400; averring that appellant paid Dranicki, on account of said agreement, all but the sum of $500 in cash, and that in lieu thereof, on or about January 5, 1905, the appellant gave to Dranicki the promissory note for the sum of $500, due April 5, 1905; denying that Dranicki, after receiving said note, refused or neglected to perform his contract or the work or labor for which said note was given; denying that the sole and only consideration for said note was the agreement to perform work and labor, and denying that appellant has never received any consideration for said note; averring that said agreement was almost entirely carried out when said note was delivered, and the remainder of the work, or as much thereof as Dranicki was permitted by ap-

pellant to perform, was fully completed by him; averring that Dranicki was the *bona fide* holder and owner of said note, and as such, on March 27, 1905, caused said judgment to be entered thereon; admitting title thereunder was acquired by Hopkins through redemption proceedings mentioned in the bill; denying that appellant did not know of the entry of said judgment until about the time of the commencement of this suit, but averring that shortly after the entry thereof, and on divers other occasions since that time, he admitted that he knew of the same. The answer admits that Churan executed and delivered to Hopkins a quit-claim deed for the premises conveyed to him by the sheriff but denies that said conveyance to Hopkins was without consideration, and avers that Hopkins paid to Churan therefor the sum of $2379.78, and denies that appellant is entitled to have the judgment, or any of the said deeds, annulled or vacated, or is entitled to any of the relief prayed.

To the amended bill Hopkins filed an answer, which was substantially the same as the answer of Dranicki and Churan. Later a cross-bill was filed by Hopkins, which avers that he is the legal owner of the premises here in dispute and has been entitled to the possession of the same since October 25, 1906; that he is entitled to the rents and profits of the said premises since that time. The cross-bill prays that the title may be confirmed in Hopkins, and for general relief. An answer to the cross-bill was interposed, replications were filed and the cause was referred to the master to take the evidence and report his conclusions of law and fact. The master took the testimony, and reported that on May 17, 1904, the premises in question were conveyed to appellant for a consideration of $1300, and that on August 6, 1904, he made a contract with Dranicki to do the carpenter work on a building then being erected on said premises, for the sum of $1400; that on November 17, 1904, after $150 had been paid to Dranicki on said contract, a second agreement was entered into by appellant, Dranicki

and A. Holinger & Co., whereby that firm agreed to pay Dranicki the sum of $750 on account of said contract for appellant, and Dranicki agreed to waive his right to a mechanic's lien and to accept a note from appellant for the sum of $500 in lieu of balance due under said contract, to be paid when the carpenter work was finished; that the said $750 was paid by Holinger & Co. to Dranicki, and that on January 5, 1905, appellant executed and delivered to Dranicki a judgment note for $500; that on March 27, 1905, a judgment was entered upon said note in the circuit court of Cook county against appellant, in favor of Dranicki, for the sum of $556.50, which included an attorney's fee of $50, and that said judgment was later assigned to Churan; that said note was evidently received by Dranicki for work done and to be done and that it was voluntarily given by the appellant; that appellant has not shown that Dranicki did not substantially carry out his contract; that on May 8, 1906, Pearl G. Corey assigned and transferred to Felix Wirzbicky and Steeny Smailis the master's certificate of sale of said premises, and that on that date they entered into an agreement with appellant to hold the said certificate for a period of two years, during which time appellant could redeem the same from them upon the payment of $2200; that no redemption from the master's sale having been made within one year, on September 24, 1906, the execution issued on said judgment against appellant was placed in the hands of the sheriff to execute; that on the same day, Churan, who had become the assignee of the Dranicki judgment, paid to the sheriff the sum of $1879.78 for redemption of said premises from said master's sale, and that a certificate of redemption was issued and the said premises sold to Churan at sheriff's sale for $1904.52, the amount of the money required to redeem, with interest and costs; that Churan afterwards, in consideration of the sum of $2379.80, delivered to Hopkins a deed of conveyance of said property, which was recorded

on October 25, 1906. The master further found that appellant had failed to prove his case as alleged in the bill, and recommended that the original bill be dismissed for want of equity and that relief be granted cross-complainant as prayed by him in his cross-bill.

Objections to the master's report were overruled. Later the chancellor ordered that they stand as exceptions, and on March 2, 1908, the court entered a decree approving the report, finding the facts as did the master, dismissing the original bill for want of equity, finding the equities with the complainant in the cross-bill, and directing that possession of the premises be delivered to the cross-complainant.

It appears from the record that some time during the summer of 1904 appellant decided to build a three-story brick building on the premises in question. In order to raise the money necessary to erect the building he obtained a loan of $8000 from A. Holinger & Co., which he secured by executing a trust deed on the said premises to that firm. That note has not yet been paid and the trust deed securing it is still a lien on the premises. Thereafter, and prior to the entry of the judgment, appellant borrowed $1500 and secured the same by a mortgage on the premises, subject to the trust deed, and it is this mortgage for $1500 which has been foreclosed.

The master, in his report, included the following statement of his fees, which amount, and five dollars in addition thereto, were allowed to him by the decree:

To 587 pages of testimony, at 15 cents per hundred words..$220.00
To hearing arguments and examining questions in issue and
    reporting conclusions thereon........ .............. 200.00

        Total........ .............. ...........,..........$420.00

It is contended by appellant (1) the court erred in not finding that the consideration for the $500 note failed, and that the judgment procured thereon, and all the proceedings had by virtue of the judgment, were null and void; and

(2) the court erred in not finding that the master's fees were illegal and excessive, and in fixing said fees at a lump sum of $425.

CHESTER FIREBAUGH, and HENRY W. HUTTMANN, for appellant.

CHARLES A. CHURAN, *pro se,* WILLIAM O. LAMONTE, and N. L. BLACKMAN, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Appellant contended before the master that there had been an entire failure of consideration as to the promissory note for $500 given by him to Dranicki. The master's finding upon the question of fact so raised was adverse to appellant and has been approved by the chancellor. We have patiently examined the testimony which bears upon this question. It is in a state of irreconcilable conflict. That is explained, in part, perhaps, by the fact that several of the witnesses were unable to speak the English language and testified through an interpreter. Appellant has not here made it appear that the master's finding on this question is against the preponderance of the evidence, and as the burden of proof was upon the appellant in the circuit court, his exception to the master's finding on this phase of the case was properly overruled. While there is no evidence in the record that shows that any execution was served upon appellant or that he had any notice of the sale under the execution, that sale was not made until more than eighteen months after the judgment was entered, and the proof satisfies us that appellant acquired knowledge of the existence of the judgment soon after it was entered. There is no evidence which indicates that an inadequate price was obtained for the property at the sheriff's sale under the judgment. There is no evidence that Hopkins, the present holder of the title, which resulted from that sale, practiced any fraud upon appellant or was a party to any conspiracy

235— 8

or unlawful combination to do him wrong. On the contrary, so far as is shown by the record, Hopkins purchased the property from Churan for an adequate consideration, in the ordinary course of business. There is no contention that Churan, who owned the judgment when the redemption was made, did not have a right to redeem, provided the judgment was valid. The proof fails to show any equity in favor of appellant.

The propriety of the action of the chancellor in granting by the decree affirmative legal relief to the cross-complainant where no equitable relief was awarded to any party to the suit has not been questioned by the brief and argument of appellant and will therefore not be considered by us.

The master properly itemized his claim for the taking of testimony, the aggregate thereof being $220. The remainder of his claim for compensation is thus stated: "To hearing arguments and examining questions in issue and reporting conclusions thereon, $200." In *Fitchburg Steam Engine Co.* v. *Potter,* 211 Ill. 138, we said: "The claim of the master should therefore show the time he was necessarily employed in the examination of questions of law and fact and in preparing his report of such findings and conclusions." This claim does not do this. No excuse is suggested for the failure on the part of the master to comply with the requirements of the law as they are indicated in the opinion in that case. That opinion was published more than three years ago. Presumably the master is familiar with it. The law as therein set forth should be enforced. In *Gottschalk* v. *Noyes,* 225 Ill. 94, will be found a statement of a master's claim which was properly itemized. The statement should be so itemized in every case governed by the statute regulating the compensation of masters in counties of the third class. Where, as in this case, a charge is made by a master in a lump sum, and there is no statement made by the master from which we can ascertain the

amount of time he claims was consumed in the performance of each of the duties covered by that charge, we will not in this court enter upon an independent examination of his report for the purpose of attempting to state correctly the items covered by the charge, the time given by the master to each service and the amount that should be allowed on account of each, in order that he may be decreed the sum that could properly have been allowed him had he complied with the law in reference to stating his claim. In such instance nothing will be allowed by us on account of services covered by the gross charge.

The master's report, in its length and the manner of its preparation, is properly subject to the same criticisms as was the master's report in *Manowski* v. *Stephan,* 233 Ill. 409.

Assurances, such as are found in the briefs for appellees, that the chancellor regarded the charge as very reasonable, are without significance. It is to be presumed that the chancellor in every instance regards the amount allowed as reasonable, otherwise he would not decree its payment. The litigants are entitled to our judgment as to the reasonableness of the charge, and the chancellor's conclusion is entitled to no more weight than it would be upon any other proposition of like character.

It is said the master's charge was not objected to in the circuit court. The decree does not merely direct the taxing of the fees claimed by the master as shown by his report, but expressly directs the taxation of the sum of $425, which is five dollars more than the amount of the claim. It is evident that the allowance was not made *pro forma* but that the matter actually received the consideration of the chancellor, and as it is apparent from the record that appellant objected to each provision of the decree which was adverse to his interests, we think the question open to review.

The decree of the circuit court will be modified by striking therefrom the provision taxing the master's fee, and

by inserting in lieu thereof the language following, to-wit: "The fees of the master in chancery for taking and reporting testimony at 15 cents per hundred words, aggregating $220, will be taxed as costs. No other fees will be allowed him herein." In all other respects the decree of the circuit court will be affirmed.    *Decree modified and affirmed.*