(No. 25717.

Rose Litwin, Appellant, *vs.* Anton Litwin, Appellee.

*Opinion filed December 12, 1940.*

JOSEPH F. ELWARD, (RAYMOND· F. McNALLY, JR., of counsel,) for appellant.

JOSEPH B. BERGMAN, and J. S. COOK, for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Rose Litwin filed a petition in the superior court of Cook county for an order requiring a special commissioner to issue and deliver a deed to her pursuant to a certificate of sale in a foreclosure case, assigned to her by Anton Litwin, her husband. He filed an amended answer denying her right to a deed, claiming the assignment was procured by fraud and deceit and without consideration. He also filed a cross-petition, asking that a previous assignment of an undivided half interest in the trust deed on the same premises be removed as a cloud on his title, because of fraud and want of consideration; that appellant be ordered to surrender the special commissioner's certificate of sale to him and that the commissioner deed him the premises. The master to whom the cause was referred found each of the issues for appellee and recommended a decree as prayed by the cross-petition. The cause is here on appeal from a decree of the court in conformity with the master's report.

We are met with the claim that this court has no jurisdiction because a freehold is not involved. The rule is that a freehold is involved where the necessary result of the decree is that one party gains and another loses a freehold or the title is put in issue by the pleadings so that determination of the case decides that issue. (*Hursen* v. *Hursen,* 209 Ill. 466; *Harper* v. *Sallee,* 372 id. 199.) Here, the controversy involves a master's certificate on which the period of redemption expired before this proceeding was instituted. The petition prayed that a deed be issued to appellant and the order of the trial court directed that a deed be issued to appellee. Therefore, the necessary result of the suit is that one of the parties will get title to the premises to the exclusion of the other. It is true that a master's certificate does not convey title to the purchaser and only confers a right to obtain a title subject to redemp-

tion, (*Kronenberger* v. *Heinemann*, 190 Ill. 17; *Allison* v. *White*, 285 id. 311;) but more than mere ownership of the certificate is involved here. The period of redemption has expired and the right to obtain title subject to redemption has ripened into an absolute right to a deed. A freehold is involved.

Anton Litwin, appellee, was born in Lithuania and came to this country at the age of twenty-one years. He had no schooling, cannot read or write his native language or the English language and is a tunnel worker. In 1933, he filed a bill to foreclose a trust deed he acquired for $4500 and had owned since 1928. The suit proceeded to a sale at which he bought the property in April, 1937, whereupon the certificate in controversy was issued. In October, 1934, he married appellant and after the marriage she prevailed on her husband to let her take charge of all his business affairs, which later included the property in controversy. It is disputed whether Rose Litwin received all the pay checks of her husband, but the evidence sustains the husband's testimony that she did get the checks which averaged $60 to $75 a week and totaled more than $13,000. Litwin testified the agreement was that she would deposit the checks in the bank as savings for both of them. The evidence shows that she opened an account under another name and at one time had a safety deposit box under a third name. Since it is not disputed that she had no other income during that time, except her husband's checks, the inference is that the money for all accounts and the deposit box came from her husband's income. In 1936, after appellant filed a suit for separate maintenance on grounds her husband alleges did not exist, Litwin assigned to her a half interest in the trust deed, the price his wife demanded to dismiss the suit and take him back. He attacks this assignment for lack of consideration. Appellant seeks a deed to the whole premises by virtue of both assignments. The period of redemption had expired when appellant presented

the certificate of sale to the master. Upon his refusal to execute a deed, she filed her petition.

Appellant contends the court below erred in affirming the master's report which included a finding that the assignment of the certificate of sale was procured by fraud. She claims there was a valuable consideration for the assignment, namely, the promise to pay and actual payment of taxes on the property and the master's fees in the foreclosure proceedings. Appellant testified she negotiated a loan from her son and used the money for the tax payments and master's fees. Some of the largest payments were made before she claims to have received such money. The evidence tends to show that the money for these expenses came from her husband's earnings, since she had no other source of income during this period. Moreover, appellant says the assignment was made by her husband because he had no money to pay the charges. Yet the evidence shows he was working during this time and earning $60 to $75 per week. Her son testified the loan was made from his safety deposit box during the month of April, 1937. The bank records show that he had not been to his box during April, and his testimony varies from that of appellant as to the time and amount of the loans. The evidence on behalf of appellant as to consideration does not support her claim. The argument that the assignment by her husband was a gift to appellant, besides being inconsistent with the claim that consideration was given, is not supported by any evidence.

The proof shows appellant had gained the implicit confidence and trust of her husband. Before marriage he conveyed the mortgage indebtedness to her and received it back from her when he asked for it. After marriage, he gave his wife all his salary checks, permitted her to handle all family finances, and relied on her to open an account for both of them. He knew she had been in business twice before and had a high regard for her business ability. On

the other hand, Litwin was illiterate. He had been a farmer before coming to America from Lithuania and had no business experience. He let his wife handle the property because of her experience and because he was busy more than twelve hours each day in his employment as a tunnel worker. With such confidence and trust, it was not unnatural that he signed a paper unattached to the certificate of sale which his wife said would enable her to manage the property better. The paper was the assignment of the certificate of sale. It is not, in view of his confidence, unusual that he did not inquire fully as to what the paper was. The evidence shows she induced him to sign the paper in order to acquire the property for her own use while representing to him that it was for another purpose, and that, in other instances, she took advantage of his ignorance and trust. She was to open an account for both. While she had an account for her husband and herself for a time, later withdrawals from it went to other accounts for her own use kept under various aliases. She seeks to overcome the testimony of her husband as to her representations by her own testimony, which is inconsistent in many instances, and by that of her attorney in a pending divorce proceeding in which the same property is involved. He represented appellant in this cause until the hearing, when he withdrew. He had previously represented both parties in the foreclosure and admitted altering the date on a master's receipt for fees in that cause. Two other witnesses, her son and a nephew, testified to the assignment of the certificate of sale. A consideration of all the testimony on her behalf is not sufficient to overcome the evidence of fraud.

Appellant relies upon the certificate of acknowledgment by the notary public that the signing was the free and voluntary act of appellee. He does not claim he signed otherwise than freely and voluntarily. His claim rests upon the prior fraud and deceit of the appellant, with which the notary's certificate has no connection.

The evidence offered by both parties is irreconcilable on many points. The master saw and heard the witnesses and determined the facts. His findings were approved by the chancellor, and we will not disturb them unless they are manifestly against the weight of the evidence. (*Pasedach* v. *Auw*, 364 Ill. 491; *Klekamp* v. *Klekamp*, 275 id. 98.) The determination of the chancellor that the assignment of the certificate of sale was procured by fraud on the part of appellant is well supported by the evidence.

Appellant contends that the court below erred in affirming that part of the master's report which found for appellee on the charge of fraud and no consideration for the assignment of one-half interest in the trust deed in 1936. In her bill for separate maintenance, appellant alleged her husband owed her $1000, life savings which he borrowed from her, and that he had deserted her. On cross-examination she admitted the allegation as to the money was false. Appellee testified "she kicked me out from the home." His testimony was not contradicted. There is nothing in the record which tends to show appellant had any ground for separating from her husband or for separate maintenance. Therefore, when promising to resume her marital status, she was merely promising to do what she was already in duty bound to do. A promise of that kind was not a sufficient consideration for the assignment. (*Smith* v. *Gray*, 316 Ill. 488; *Goldsborough* v. *Gable*, 140 id. 269.) While dismissing a suit or surrendering a claim is good consideration for a promise or an act, the suit or claim must be entertained in good faith. (*Dougherty* v. *Duckels*, 303 Ill. 490; *Janci* v. *Cerny*, 287 id. 359.) Appellant did not meet the issue of no consideration or the claim of fraud. She made no claim that it was a gift, and cannot in this court, for the first time, claim the assignment was a gift.

Appellant urges that the court erred in fixing the master's fees at $403.65. No objection is made to the statutory fees of $103.65, but only to the item: "Obtaining files;

examining order of reference; docketing cause, setting same for hearing; attending hearings; hearing and considering testimony and pleadings, and preparing report—Twenty hours at $15 per hour, $300." The master has not shown the time he necessarily employed in each of the various duties recited in the claim, and thus the claim is not properly itemized. (*Wirzbicky* v. *Dranicki,* 235 Ill. 106; *Norton* v. *Jordan,* 360 id. 419; *Fitchburg Steam Engine Co.* v. *Potter,* 211 id. 138.) The claim of fees, here, varies from that in the *Wirzbicky case* only by stating the total amount of time spent for all duties recited. Where a charge is made by a master in a lump sum, and there is no statement from which we can ascertain the amount of time he claims was consumed in the performance of each of the duties covered by that charge, we will not enter upon an independent examination of his report for the purpose of attempting to state correctly the items covered by the charge, the time given to each service and the amount that should be allowed on account of each, in order that he may be decreed the sum that could properly have been allowed him had he complied with the law in reference to stating his claim. In such instance nothing will be allowed by us on account of services covered by the gross charge. (*Wirzbicky* v. *Dranicki, supra.*) In the present case, the master had ample opportunity to explain the charge when examined by the court but did not do so.

The order of the superior court is modified by striking therefrom the sum of $403.65 as master's fees and inserting the sum of $103.65 in lieu thereof. In all other respects the order is affirmed.

*Order modified and affirmed.*

SHAW and WILSON, JJ., specially concurring: We agree with the result reached in this opinion but not with the portion of the opinion dealing with the master's fees.