(No. 25993.—

EDWARD N. WRIGHT, Trustee, Appellee, *vs.* E. D. RISSER *et al.* Appellants.

*Opinion filed Sept. 15, 1941—Rehearing denied November 18, 1941.*

SMITH, J., specially concurring.
STONE, J., dissenting.

WAYNE H. DYER, and EVA L. MINOR, for appellants.

H. H. WHITTEMORE, and BENJAMIN GOWER, for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Plaintiff, as trustee in bankruptcy of Edgar D. Risser, brought this suit in the circuit court of Kankakee county to set aside as fraudulent certain conveyances of real estate by Risser to his wife and daughters. The complaint alleged the conveyances were voluntary, without any real consideration and were made for the purpose of defrauding his creditors and did defraud them by rendering Risser "ostensibly" insolvent; that the grantees held the property on secret trust for Risser who was still the owner, and that he should have scheduled the property in the bankruptcy proceeding.

Prior to the conveyances in question Edgar D. Risser owned considerable real estate, referred to throughout these proceedings by tract numbers. The first four tracts are property located in Kankakee, Illinois. The first three of these tracts were conveyed by Risser to his daughter, Miriam Risser, by deeds executed November 8, 1930; the fourth was conveyed to Risser's daughter Isabelle Risser Gathany, by deed executed November 26, 1930. Tracts 5, 6, 7, 8 and 9 are farm lands located in Cass county, North

Dakota. August 15, 1931, Risser deeded tracts 5, 6 and 7 to his daughter Miriam, and March 4, 1933, he conveyed tracts 8 and 9 to her. On this same latter day tract 10, which was residence property in Evanston, Illinois, owned by Edgar D. Risser and his wife, Blanche, as joint tenants, was conveyed to Miriam. In the year 1931, tract 11, also being Evanston, Illinois, residence property owned by Edgar D. Risser and his wife, Blanche, was conveyed to Miriam. And in 1931, Risser and his wife conveyed to Miriam tract 12, which was residence property located in Asheville, North Carolina, owned by them as tenants in common, and Miriam conveyed it to Blanche.

May 1, 1934, Risser was adjudged a bankrupt, on voluntary petition. He scheduled no assets and his liabilities were $14,845. The principal liability was a judgment in favor of the Bishop Cereal Company, which it recovered January 16, 1932, in a suit which had been pending for several years. Three thousand dollars had been paid on this judgment.

August 4, 1936, appellee filed his third amended complaint and on August 10, 1936, appellants filed their motion to dismiss. September 1, 1936, this motion was allowed and the suit was dismissed at plaintiff's costs. Plaintiff appealed to the Appellate Court for the Second District and that court reversed the decree and remanded the cause with directions to overrule defendants' motion to dismiss.

The mandate of the Appellate Court was filed, the cause redocketed, the third amended complaint was amended by leave of court, defendants filed an answer and the cause was heard on the merits.

The circuit court decreed that the conveyances of the Kankakee and Cook county (Evanston) property were in fraud of creditors and ordered them set aside and declared void. The court held it had no jurisdiction to enter an order with respect to the North Dakota lands because legal

title thereto was in Miriam, who was served by publication only.

Appellants prayed a direct appeal to this court. We have held that a freehold is involved in a suit by a trustee in bankruptcy to set aside deeds in fraud of creditors because title to and not a lien on real estate is involved. *Daly* v. *Kohn*, 230 Ill. 436, 438; *Dean* v. *Plane*, 195 id. 495; *Reisch* v. *Bowie*, 367 id. 126; *Banning* v. *Patterson*, 363 id. 464.

Appellants contend as ground for reversal, that the order of the circuit court which allowed their motion to dismiss the third amended complaint and the decree which dismissed that complaint at plaintiffs' costs, was never vacated by any court of competent jurisdiction but remained in full force and effect. They say that, thereafter, there was no complaint before the court on which it could act. The basis of this contention is that a freehold was involved in plaintiff's appeal to the Appellate Court and that the judgment of that court which reversed and remanded the case to the circuit court with directions to overrule the motion to dismiss, was void for want of jurisdiction. In *Daly* v. *Kohn, supra,* this court sustained the judgment of the Appellate Court which dismissed an appeal by a trustee in bankruptcy because a freehold was involved and held the Appellate Court had no jurisdiction. In *Ashton* v. *Macqueen*, 361 Ill. 132, the chancellor sustained a demurrer and dismissed the suit. The case was brought to this court by direct appeal and because the pleadings put the title to the real estate in issue, we held a freehold was involved and that this court had jurisdiction. There, demurrers were sustained and the suit was dismissed; here, the motion to dismiss was sustained and the suit dismissed. A freehold was involved in both cases and the Appellate Court had no juridiction to review the decree which dismissed the suit. Its judgment remanded the case for a

trial on the merits and was not final and appealable. It is not binding on this court. *Stripe* v. *Yager,* 348 Ill. 362, 365. See, also, *Streeter* v. *Humrichouse,* 357 id. 234, 238, and *McLaughlin* v. *Hahn,* 333 id. 83.

Appellee relies on *Lynn* v. *Lynn,* 160 Ill. 307, but in that case the appeal had been taken to the Appellate Court, and was followed by an appeal from its judgment to this court. (*Lynn* v. *Lynn,* 135 Ill. 18.) Our mandate issued and the probate court followed it. The administratrix, on a further direct appeal to this court, urged that a freehold was involved in the appeal to the Appellate Court and from it to this court; that the Appellate Court, therefore, lacked jurisdiction, and for that reason this court on appeal from that judgment also lacked jurisdiction and its mandate was void. But this court held: "We think it plain a freehold was involved and the appeal should have come directly to this court. But where, as in this case, the parties all submitted to the jurisdiction of the court, and made no question, by motion or otherwise, to the same, they cannot now, after a final determination of the case, call in question the decision of the court for the reason there existed an irregularity in bringing the case to this court. This court, when the case was submitted, had jurisdiction of the subject matter and of the parties, and the fact, alone, that the parties took the wrong road to reach this court and traveled through the Appellate Court did not oust this court of jurisdiction when the case was finally submitted on its merits. The manner in which the case reached this court was a mere irregularity, which was waived by the parties by their appearance and joining in error without objection." All questions that could have been raised in the *Lynn case* are presumed to have been raised and passed upon. Further, that case involved a final adjudication on the merits, but here the judgment of the Appellate Court was not final and appealable. That case is, therefore, not in point.

Appellee relies on *Hooper v. Wabash Automotive Corp.* 365 Ill. 30, *Carney* v. *Quinn*, 358 id. 446, *Schrader* v. *Schrader*, 357 id. 623, and *Wainwright* v. *McDonough*, 364 id. 626, for the proposition that no freehold was involved in the appeal to the Appellate Court, but the only question there presented was to the sufficiency of the complaint. Those decisions were to the effect that a freehold was not involved because the points urged in them were only a question of practice and procedure, and are distinguishable on that ground. In *Ashton* v. *Macqueen, supra,* the direct appeal was from a decree which sustained defendants' demurrers and dismissed the bill for want of equity. The grounds of demurrer are set out but need not be restated here. We held the issues thus raised involved a freehold.

Here, the grounds on which the appellants' motion to dismiss was based were that (1) the complaint shows on its face that after each conveyance (except the last one) Risser retained valuable real estate which the complaint does not allege was of insufficient value to pay his debts; (2) it is not alleged that defendant at any time conveyed away all his property; (3) the complaint alleges no facts which tend to show that Risser contemplated defrauding his creditors at the time of any of the conveyances and the facts alleged show otherwise as to the Kankakee property; (4) as to the Kankakee property it is not alleged that Risser did not retain sufficient property to pay his debts when he made the conveyance; (5) is a similar ground to that contained in (4) but applies to subsequent conveyances of the North Dakota, North Carolina, and Evanston, Illinois, properties; (6) sets up the defense of *laches* on the face of the complaint; (7) the complaint shows on its face plaintiff had no cause of action; (8) the complaint did not contain the necessary elements to constitute the statement of a cause of action such as was

attempted to be stated; (9) there was no averment in the complaint that the various grantees from Risser knew he had any fraudulent intent to defraud his creditors when he made the respective conveyances to the defendants who were his grantees; and (10) the chancellor had already rendered final judgment and dismissed the complaint as to the four tracts in Kankakee county. To reverse the decree dismissing the suit the Appellate Court had to pass on more than matters of procedure, so that the contention of appellee that only such questions were decided by that court cannot be sustained.

We hold that the Appellate Court was wanting in jurisdiction; that its judgment reversing and remanding the case with directions to overrule appellants' motion to dismiss was not final, and that appellants could not appeal to this court from that judgment; that its judgment is not binding on this court, and that since that judgment was rendered by a court which lacked jurisdiction to review a cause in which a freehold was necessarily involved, it is void and open to attack in the appeal to this court. Since this is true, there was no complaint before the court on which it could act. This leaves the decree of September 1, 1936, dismissing the suit in full effect.

For the reasons stated, the decree of the circuit court is reversed.

*Decree reversed.*

Mr. Justice Smith, specially concurring: I agree with the result reached but not with all the reasoning of this opinion.

Mr. Justice Stone, dissenting:

I do not concur in the conclusion reached in the majority opinion that when the decree here appealed from was entered there was no complaint before the court on which it could act and that the court was without power to

enter such decree. I concur in the holding that the Appellate Court had no jurisdiction to review the order and decree dismissing the complaint for the reason that a freehold was involved, and its judgment in that matter was a nullity. However, because of later proceedings in the circuit court, in which the defendants without objection participated, their right to object to the jurisdiction of the court to enter this decree was waived.

It may be conceded that the action of the Appellate Court was a nullity and that by lapse of time the circuit court had lost jurisdiction of the cause but, as shown by the opinion and the record, plaintiff, after the cause was redocketed in the circuit court, amended his complaint, and the defendants without objection urging lack of jurisdiction filed their answer thereto. A hearing was then had on the pleadings and the merits of the cause were decided.

The rule in this State is that when a court of general jurisdiction having jurisdiction of the subject matter of a particular suit loses jurisdiction of that case by operation or effect of law, and the parties, without objection calling attention to the lack of jurisdiction in the court, voluntarily appear, file pleadings and participate in a trial of the cause, they waive the lack of jurisdiction of the subject matter, and neither party can later complain that in thereafter entering a judgment or decree against him the court lacked jurisdiction so to do.

In *Weisguth* v. *Supreme Tribe of Ben Hur,* 272 Ill. 541, where plaintiff took a voluntary nonsuit and later secured a reinstatement of the cause and participated in the trial thereof, it was held that although the court by reason of such nonsuit was without jurisdiction to reinstate the cause, yet, after plaintiff secured such reinstatement and participated in a trial, he waived the right to later object to the jurisdiction of the court. In *Central Bond Co.* v. *Roeser,* 323 Ill. 90, a judgment by default had been entered against the defendant and an execution issued. More than thirty

days thereafter the court, on defendant's motion, set the judgment aside and both parties without objection participated in a trial which resulted in a verdict for the defendant. Plaintiff, after attempting to secure a new trial, sought to void all proceedings following the entry of the default judgment on the ground that the court had no jurisdiction to set that judgment aside. This court held that by participating in the trial of the cause plaintiff waived the right to object to the jurisdiction of the court. In *Grand Pacific Hotel Co.* v. *Pinkerton*, 217 Ill. 61, where a cause was dismissed and later reinstated, and the parties without objection appeared and participated in a trial, it was held that they could not thereafter object to lack of jurisdiction of the court to hear it. In *Herrington* v. *McCollum*, 73 Ill. 476, where a cause which had been dismissed was reinstated, and the parties without objection participated in the proceedings following reinstatement, it was held that to later avail of the right to question the jurisdiction of the court, the parties so objecting should, when the case was reinstated, either not have appeared at all or limited their appearance to the objection against the jurisdiction of the court.

So in this case, when the decree dismissing the complaint was by a void judgment of the Appellate Court ordered set aside and the cause ordered to proceed, and defendants failed to object to the jurisdiction of the court to proceed further but answered the complaint, as amended, and participated in a trial on the merits thereof, they waived lack of jurisdiction of the subject matter. It is immaterial, under the cases above cited, that the trial court had no option but to redocket the cause on the void order of the Appellate Court. No such compulsion rested on the defendants by reason of that order to participate further in the proceeding. The judgment and order of the Appellate Court being a nullity were as though they had never

existed, and the circuit court had lost jurisdiction by lapse of time. Had the defendants, as pointed out in the *Herrington case* just cited, not appeared at all or limited their appearance to objection against the jurisdiction of the court, their right to object here to such lack of jurisdiction would have been preserved and the conclusion here reached on this record would in such a case be right, but as they failed so to do, but participated without objection, as stated, they waived the right to object to such lack of jurisdiction.

In my opinion the trial court had jurisdiction to proceed to a hearing on the complaint and answer and to enter the decree appealed from. It follows that the case should be decided here on its merits.